```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: WELLBUTRIN XL          :       CIVIL ACTION
ANTITRUST LITIGATION          :
                              :
                              :
                              :       NO. 08-2433 (indirect)
```

ORDER

AND NOW, this 12th day of August, 2011, upon consideration of the Indirect Purchaser Plaintiffs' Motion for Class Certification (Docket No. 109), the opposition, reply, sur-reply, supplemental opposition, supplemental reply, the accompanying expert declarations, supplemental choice of law briefs, the hearing on April 29, 2011, oral argument on May 27, 2011, and for the reasons stated in a memorandum of today's date, IT IS HEREBY ORDERED that the motion is GRANTED IN PART AND DENIED IN PART.  IT IS FURTHER ORDERED that:

1.  The following indirect purchaser litigation class is hereby certified pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> (1) All persons or entities who purchased an AB-rated generic bioequivalent of Wellbutrin XL ("generic XL") at any time during the "Class Period" (hereafter defined) in California, Florida, Nevada, New York, Tennessee and Wisconsin; and

> (2) All entities that purchased 150 mg or 300 mg Wellbutrin XL before an AB-rated generic bioequivalent was available for such dosages AND purchased generic XL in the same state

after generic XL became available in California, Florida, Nevada, New York, Tennessee and Wisconsin.

For purposes of the Class definition, persons and entities purchased Wellbutrin XL or generic XL if they paid some or all of the retail purchase price.

Excluded from the Class are "flat co-payers" meaning natural persons whose only purchases of generic XL were made pursuant to contracts with third party payers ("TPP") whereby the amount paid by the natural person for generic XL was the same regardless of the retail purchase price.

The Class Period begins November 14, 2005 and ends on April 29, 2011.

2. Class claims, issues, and defenses are those incorporated into the Court's memorandum of today's date as well as the affirmative defenses raised in the defendants' answers. See Docket Nos. 266, 268.

3. The following entities are hereby appointed as class representatives for claims under the following states' laws:

| State | Entity |
| --- | --- |
| California | Aetna |
| Florida | Local 505 and Aetna |
| Nevada | Aetna |
| New York | Aetna |
| Tennessee | Local 572 |
| Wisconsin | Aetna |

4.   The following firms are hereby appointed as co-lead counsel to the indirect purchaser class:

>Lowey Dannenberg Cohen & Hart, P.C.
>Richard Cohen, Esquire
>Peter D. St. Phillip, Jr., Esquire
>
>Wexler Wallace LLP
>Kenneth A. Wexler, Esquire
>Amber M. Nesbitt, Esquire
>
>Branstetter, Stranch, & Jennings
>Jim G. Stranch, Esquire
>Joe P. Leniski, Esquire

5.   Within 30 days of the date of this Order, the parties shall submit an agreed upon proposed notice program and forms of notice to class members.  If the parties are unable to agree as to the proposed notice program and/or forms of notice, they shall submit separate proposals.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.