# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION | ) ) ) | Civil Action No.:  2:08-cv-2433 |
| THIS DOCUMENT RELATES TO: | ) ) | Honorable Mary A. McLaughlin |
| INDIRECT PURCHASER ACTIONS | ) ) ) | |

**DECLARATION OF MARVIN A. MILLER IN SUPPORT OF PLAINTIFFS'**
**APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**

## DECLARATION OF MARVIN A. MILLER

I, Marvin A. Miller, declare as follows:

1.    I am an attorney in good standing, duly licensed and admitted to the State Bars of Illinois and New York, and a principal in the law firm Miller Law LLC.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.    My firm is counsel of record in this case, and represents Painters District Council No. 30 Health & Welfare Fund. A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.    My firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and transmitted a summary of those reports to Co-Lead Class Counsel on a regular basis.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect-Purchaser Plaintiffs (IPPs).

4.    During the course of this litigation, my firm has been involved in a multitude of tasks and activities on behalf of the IPPs.  These tasks and activities were performed in coordination with and/or at the direction of co-lead counsel.  Such tasks included, but were not limited to: fact investigation and the filing of an initial complaint; engaging in a private ordering process supporting the Court's appointment of the leadership structure in the Pretrial Order No. 1; working on the consolidated amended complaints and responding to defendant's motions to dismiss; responding to discovery, including the collection, review and preparation of document production and the defense of plaintiff's deposition; document review; conducting factual and/or legal research and analysis where required in connection with pleadings, motion practice and the case generally; preparing for and attending depositions; working on class certification motion papers; and participation in strategic conferences with co-lead counsel and the other members of

the Executive Committee.  In addition, we made contributions to the plaintiffs' litigation fund.

5.     My firm submitted our detailed time records to Co-Lead Class Counsel for submission to the Court *in camera*. These contemporaneous time records were regularly prepared and maintained by my firm.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 are their current rates, and are the usual and customary hourly rates charged for these professionals' services in similar complex litigation. These time records do not include any time devoted to preparing this declaration or otherwise pertaining to the Fee Petition.

6.     The total number of hours reasonably expended on this litigation by my firm from inception to April 30, 2013 is 1,547.5 hours.  The total lodestar for my firm at current rates is $569,199.50.  The lodestar calculation is based on my firm's current rates.  Expense items are billed separately and are not duplicated in my firm's lodestar.

7.     The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, receipts, check records and other source materials and accurately reflect the expenses incurred.

8.     My firm incurred a total of $20,414.63 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation.  Of this amount, $15,000 was for assessment payments to the litigation fund Co-Lead Class Counsel established for the common expenses incurred in the prosecution of this case or direct payments to experts or other vendors made at the request of Co-Lead Counsel, and an additional $5,414.63 was for non-common expenses incurred by my firm, such as copying, legal research, telephone, etc.   A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 13th day of May, 2013, in Chicago, Illinois.

s/*Marvin A. Miller*

Marvin A. Miller

2

# EXHIBIT 1



Miller Law LLC is a litigation boutique law firm which unites the talents of attorneys with combined experience in a wide array of complex civil litigation.  The foundation of the firm is the ability to handle large complex litigation and sophisticated class actions in a variety of practice areas in federal and state courts across the country.

Our litigation experience covers a varied and broad range of industries including pharmaceuticals, telecommunications, commodities and securities.

Miller Law LLC's fees are contingent on our success in achieving a favorable result for our clients and are reviewed and awarded by the court.  Because we advance the costs of the litigation and our fees are earned on a predominately contingent basis, we continuously monitor and carefully evaluate each case throughout the litigation and understand the need to be efficient. This gives us the confidence and flexibility to employ creative thought in the decision-making process at every stage of the litigation.   The skill and experience of the Miller Law attorneys has been recognized repeatedly by their peers, at whose request we have served as co-lead counsel and *liaison*, and by courts, which have appointed our attorneys to leadership positions in complex multi-district or consolidated litigation in securities, commodities, consumer and antitrust class actions where we have been responsible for many outstanding recoveries and precedent-making decisions.

## Representative Pending Matters:

### Antitrust:

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 06-MD-1775 (E.D. N.Y.). Miller Law LLC represents plaintiffs who seek recovery from air cargo shipping provider-defendants that it is alleged participated in a global conspiracy to fix prices charged for these shipping services at *supra*-competitive levels, in violation of the federal antitrust laws.

*In re Automotive Parts Antitrust Litig.*, (*In re Instrument Panel Clusters Case*), 12-MD-02311 (E.D. MI). Miller Law LLC represents direct purchaser plaintiffs.

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL 1917, 07-5944-SC (N.D. Cal.)  The antitrust class action complaint contains allegations of price fixing of Cathode Ray Tubes and Cathode Ray Tube Products including those used in televisions, computer monitors and other devices.

*Caldwell v. Matsushita Elec. Indus. Co., Ltd.,* 07-6303 (N.D. Cal.).  Miller Law LLC, along with co-counsel, represents a plaintiff who seeks damages and injunctive relief for alleged antitrust violations relating to flat screens.

*In re Effexor XR Antitrust Litig.*, **11-5590 (D.N.J.).** Miller Law LLC, along with co-counsel, represents indirect purchaser opt-out plaintiffs in this antitrust action against Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals and Wyeth Pharmaceuticals Company

*In re Flonase Antitrust Litig.*, 08-3301 (E.D.Pa.). Plaintiffs allege that Defendants engaged in anticompetitive activities and abuse of the citizen petition process to maintain their monopoly profits in the fluticasone propionate market. Marvin Miller and Lori Fanning have been appointed Co-Lead Counsel for the Indirect Purchaser Class. An Indirect Purchaser Class was certified on June 18, 2012. Judge Brody granted preliminary approval of a $35 million settlement on January 14, 2012. The Fairness Hearing is scheduled for June 3, 2013 at 10:30 a.m.

*Painters District Council No. 30 Health and Welfare Fund v. Evanston Northwestern Healthcare*, 08-2541 (N.D. Ill.). Defendant Evanston Northwestern Healthcare is being sued for inflated prices for healthcare services in violation of antitrust laws.

*In re Photochromic Lens Antitrust Litig.*, **MDL 2173 (M.D. Fla.)** Miller Law LLC represents an Illinois client in this antitrust case.

*In re: Polyurethane Foam Antitrust Litigation,* 10 MDL 2196 (NDOH). This antitrust class action seeks to recover damages sustained by indirect purchasers of polyurethane foam as a result of defendants' agreements to fix the prices and allocate customers for flexible polyurethane foam which is a major component of bedding, furniture and other products. Marvin Miller was appointed Lead Counsel for the Indirect Purchasers.

*In re Potash Antitrust Litig. No. II,* MDL No. 1996, 08-6910 (N.D.Ill.). This case is brought on behalf of a class of plaintiffs who indirectly purchased potash products in the United States from one or more named Defendants between July 1, 2003 and the present. Plaintiff alleges, that in order to maintain price stability and increase profitability, Defendants conspired and combined to fix, raise, maintain, and stabilize the prices for potash that was sold in the United States and that the Defendants exchanged sensitive, non-public information about prices, capacity, sales volumes, and demand; allocated market shares, customers and volumes to be sold; and coordinated on output, including the limitation of production, to further and enact the price fixing conspiracy. On November 3, 2009, the Court denied in part Defendants' motion to dismiss the class action complaint. The Seventh Circuit en banc panel affirmed the District Court's denial of Defendants' motion to dismiss. Mr. Miller was appointed by the Court and serves as Interim Lead Counsel.

*Painters District Council No. 30 Health and Welfare Fund and Bluecross Blueshield Tennessee, Inc. v. King Pharma., Inc. and Mutual Pharma. Co., Inc.* The firm represents opt-out indirect purchasers in this antitrust action seeking treble damages arising out of the defendants' unlawful exclusion of generic substitutes from the market for metaxalone, a prescription muscle relaxant.

*Supreme Auto Transport LLC v. Arcelor Mittal,* 08- 5468 (N.D. Ill.). This case was commenced as an indirect purchaser class action against ArcelorMittal USA and others for their conspiracy to illegally price fixing of steel products sold to consumers  and  to artificially restrict the supply of steel products in the United States. Mr. Miller was appointed Interim Lead Counsel.

2

*In re Wellbutrin XL Indirect Purchaser Antitrust Litig.*, 08-2433 (E.D.Pa.), *Painters District Council No. 30 Health and Welfare Fund v. Biovail Corp.*, 08-2688 (E.D. Pa.). Plaintiff alleges that Defendants engaged in sham litigation and petitioning and anticompetitive agreements to maintain their monopoly profits in the bupropion HCl extended release market.

*In re: Text Messaging Antitrust Litig.*, 08-7082 (N.D.Ill.). The Complaint in this Multidistrict Litigation seeks relief against the major cellular service providers because of alleged price fixing of text messaging charges. Mr. Miller has been appointed to the Plaintiffs' Steering Committee.

*Yoly Industrial Supply v. Horizon Lines, Inc.*, 03:08-CV-434-J-32HTS (M.D.Fla.). Complaint alleges antitrust violations by ocean shippers to raise, fix, peg, maintain or stabilize prices for Ocean Cabotage in the Puerto Rico trade.

*Kleen Products LLC, et al. v. Packaging Corporation of America, et al.*, 10 C 5711 (N.D. Ill.) Nationwide Sherman Act class action for direct purchasers involving price- fixing and supply restriction claims against the major integrated producers of containerboard and corrugated products.

### Commodities:

*In re Commodity Exchange, Inc., Silver Futures and Options Trading Litig.*, MDL. No. 2213 (S.D.N.Y.) This class alleges that the defendants intentionally manipulated the price of silver futures options contracts in violation of the Commodities Exchange Act.

*In re: Dairy Farmers Of America, Inc. Cheese Antitrust Litig.*, MDL No. 2031, Master File No. 09-03690 (N.D.Ill.) This action alleges that Defendants conspired and agreed to fix or manipulate the prices of Chicago Mercantile Exchange Class III milk futures contracts, CME Cheese Spot Call contract.

### Consumer Protection:

**Credit Protection Actions**– This group of class action complaints contains allegations regarding the activities undertaken by various banks throughout the country who market and sell products associated with their credit cards known as "Credit Protect," "Credit Protector," "Payment Protector," "PaymentAid," "PaymentAid Plus," and other monikers that all offer similar coverage that is indistinguishable from a contract of credit insurance but not sold as insurance.

*In re Mercedes Benz Tele-Aid Contract Litig.*, MDL No. 1914, No. 07-2720 (D.N.J.). Plaintiffs sought compensatory and other damages for allegations relating to Mercedes Benz' failure to inform Mercedes vehicle purchasers of Model Years 2002 through 2006 that their analog-only Tele Aid systems would become obsolete and would stop functioning after December 31, 2007. The court granted class certification on April 27, 2009, and approved a settlement on September 9, 2011.

3

**Employment:**

***Bergman v. Kindred Healthcare, Inc.,*** 10-191 (N.D. Ill). The firm filed this action with co-counsel to recover overtime wages for employees.

***Camilotes v. Resurrection Healthcare and Saint Joseph Hospital,*** 10-0366 (N.D.Ill.). This is a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of a class of plaintiffs whose pay was subject to an unpaid "meal break", and a statewide class action on behalf of all Illinois citizens to recover all unpaid wages under the Illinois Minimum Wage Law, ("IMWL").

***DeMarco v. Northwestern Memorial Healthcare and Northwestern Memorial Hospital,*** 10-00397 (N.D.Ill.) This is a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of a class of plaintiffs whose pay was subject to an unpaid "meal break", and a statewide class action on behalf of all Illinois citizens to recover all unpaid wages under the Illinois Minimum Wage Law, ("IMWL").

***Howard v. Securitas Sec. Servs.,*** 08-2746 (N.D. Ill.). Miller Law LLC and co-counsel, seek to recover overtime wages for employees. The Court granted class certification in January 2009.

***King v. Heritage Enterprises, Inc.,*** 10-3647 (N.D. Ill.) This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of a class of plaintiffs whose pay was subject to an unpaid "meal break".

**Securities:**

***City of Lakeland Employees Pension Plan v. Baxter International Inc.,*** 10-06016 (N.D. Ill.) Miller Law LLC serves as liaison counsel in this securities fraud litigation that alleges defendants issued materially false and misleading statements regarding the Baxter's plasma-derivative products business.

***City of Livonia v. Boeing,*** 09-714 (N.D. Ill). The firm was appointed *liaison* counsel in this securities class action which seeks recovery of damages resulting from the misrepresentations by the company in connection with the 787 Dreamliner. The matter is pending in the Seventh Circuit.

***Lawrence E. Jaffe Pension Plan v. Household Int'l,*** 02-5893 (N.D.Ill.). The firm serves as *liaison* counsel and served on the trial team in this securities fraud litigation alleging that Household engaged in a variety of illegal sales practices and improper lending techniques to manipulate publicly reported financial statistics. The case was tried and the jury awarded a verdict in favor or plaintiffs.

4

*Some of the additional significant cases in which Miller Law attorneys have been prominently involved include:*

**Antitrust:**

*In re Aftermarket Filters Antitrust Litig.***,** MDL No. 1957, 08-4883 (N.D. Ill.).  The complaint alleged a conspiracy among the Defendants and their co-conspirators to fix prices and to engage in other unlawful practices intended to raise, maintain, and/or stabilize prices for replacement motor vehicle oil, fuel and engine air filters ("Filters").  The firm serves as *liaison* counsel for the Indirect Purchasers.  The Court has granted final approval of a settlement of Indirect Purchasers.

*In re Airline Ticket Commission Antitrust Litig.***,** MDL No. 1058 (D. Minn.).  Antitrust class action on behalf of travel agents against the major airlines for allegedly fixing the amount of commissions payable on ticket sales. The action settled for $87 million. *See* 953 F. Supp. 280 (D. Minn. 1997).

*In re Cardizem CD Antitrust Litig.,* MDL No. 1278 (E.D. Mich.).  Multi-district class action on behalf of purchasers of Cardizem CD, a brand-name heart medication manufactured and marketed by Hoechst Marion Roussel, Inc. (now merged into Aventis Pharmaceuticals, Inc.)  Plaintiffs alleged that an agreement between HMR and generic manufacturer Andrx Corp. unlawfully stalled generic competition.  The $80 million settlement for the benefit of third-party payors and consumers was granted final approval.  *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003), *appeal dismissed,* 391 F.3d 812 (6th Cir. 2004).

*In re Cellular Phone Cases,* Coordination Proceeding No. 4000 (Superior Court, San Francisco County, Cal.).  Class action under California's Cartwright Act, which alleged price-fixing of cellular telephone service in the San Francisco area market.  The $35 million in-kind benefits to the Class was granted final approval.

*In re Lithotripsy Antitrust Litig.,* No. 98 C 8394 (N.D. Ill.).  Antitrust class action arising out of alleged stabilization of urologist fees in the Chicago metropolitan area.

*In re Lorazepam & Clorazepate Antitrust Litig.,* MDL 1290 (D.D.C.).  This multi-district class action arose out of an alleged scheme to corner the market on the active pharmaceutical ingredients necessary to manufacture generic clorazepate and lorazepam tablets.  After cornering the market on the supply, defendants raised prices for generic clorazepate and lorazepam tablets by staggering amounts (*i.e.*, 1,900% to over 6,500%) despite no significant increase in costs.  On February 1, 2002, Judge Thomas F. Hogan approved a class action settlement on behalf of consumers, state attorneys general and third party payors in the aggregate amount of $135 million. *See* 205 F.R.D. 369 (D.D.C. 2002).

*In re Relafen Antitrust Litig.,* 01-12239 (D. Mass.). The United States District Court for the District of Massachusetts granted final approval to a $75 million class action settlement for the benefit of consumers and third-party payors who paid for branded and generic versions of the arthritis medication Relafen.

*In re Synthroid Marketing Litig.*, MDL No. 1182 (N.D. Ill.). This multi-district action arises out of alleged unlawful activities with respect to the marketing of Synthroid, a levothyroxine product used to treat thyroid disorders. Final approval of a settlement in the amount of $87.4 million plus interest. *See* 188 F.R.D. 295 (N.D. Ill. 1999) was upheld on appeal. *See* 264 F.3d 712 (7th Cir. 2001).

*In re Warfarin Sodium Antitrust Litig.*, MDL 98-1232 (D. Del.). A multi-district class action on behalf of purchasers of Coumadin, the brand-name warfarin sodium manufactured and marketed by DuPont Pharmaceutical Company. Plaintiffs alleged that the defendant engaged in anticompetitive conduct that wrongfully suppressed competition from generic warfarin sodium. The case settled for $44.5 million which was affirmed on appeal. See *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002).

*Bayside Rubber & Prods., Inv. v. Bridgestone Indus. Prod. Am. Inc.,* 07-21784 (S.D. Fla.). This class action alleges that defendant-manufacturers of flexible rubber hose used to transport oil between ships, terminals, buoys and tanks, among other things, conspired to fix the prices of the marine hoses.

*Brand-Name Prescription Drug Indirect Purchaser Actions*. Coordinated antitrust actions against the major pharmaceutical manufacturers in ten states and the District of Columbia. The actions were brought under state law on behalf of indirect purchaser consumers who obtained brand name prescription drugs from retail pharmacies. In 1998, the parties agreed to a multi-state settlement in the amount of $64.3 million, which was allocated among the actions.

*Garabedian v. LASMSA Limited Partnership*, No. 721144 (Superior Court, Orange County, Cal.). Class action under California's Cartwright Act which alleged price-fixing of cellular telephone service in the Los Angeles area market. The court granted final approval to two settlements that provided $165 million of in-kind benefits.

*Lobatz v. AirTouch Cellular*, 94-1311 BTM (AJB) (S.D. Cal.). Class action alleging price-fixing of cellular telephone service in San Diego County, California. The court approved settlements of $8 million in cash and other benefits.

*Ryan-House v. GlaxoSmithKline PLC*, No. 02-442 (E.D. Va.). Plaintiffs allege that GSK, which makes Augmentin, misled the United States Patent Office into issuing patents to protect Augmentin from competition from generic substitutes. The case was resolved and the court approved a $29 million settlement for the benefit of consumers and third-party payors. *Ryan-House, et al v. GlaxoSmithKline, PLC, et al.*, No. 02-442, (January 10, 2005, E.D. Va.)

### Commodities:

*Dennison v. BP Corp.*, No. 06-3334 (N.D. Ill.). This class action was commenced to recover damages as a result of defendant's alleged improper conduct in manipulating the price of propane. On February 10, 2010, the Court granted final approval of the $15,250,000 cash settlement. Mr. Miller serves as Co-Lead Counsel in this consolidated Plaintiffs' class action.

*In re First Commodity Corp. of Boston Customer Account Litig.*, MDL-713 (D. Mass). Class actions alleging violation of the anti-fraud provisions of the Commodity Exchange Act. The action settled for $5.3 million. *See* 119 F.R.D. 301 (D. Mass. 1987).

*In re Int'l Trading Group, Ltd. Customer Account Litig.*, No. 89-5545 RSWL (GHKx) (C.D. Cal.). Class action alleging violation of the anti-fraud provisions of the Commodity Exchange Act. The case settled with individual defendants and proceeded to a judgment against the corporate entity. In that phase, the Court awarded the Class a constructive trust and equitable lien over the corporation's assets and entered a $492 million judgment in favor of the Class.

*In re Soybean Futures Litig.*, No. 89-7009 (N.D. Ill.). A commodities manipulation class action against Ferruzzi Finanziaria, S.p.A. and related companies for unlawfully manipulating the soybean futures market in 1989. In December, 1996, the court approved a settlement in the amount of $21,500,000. *See* 892 F. Supp. 1025 (N.D. Ill. 1995). Mr. Miller served as Co-Lead Counsel for Plaintiffs.

*In re Sumitomo Copper Litig.*, 96- 4584(MP) (S.D.N.Y.). Class action arising out of manipulation of the world copper market. On October 7, 1999, the court approved settlements aggregating $134,600,000. *See* 189 F.R.D. 274 (S.D.N.Y. 1999). In awarding attorneys' fees, Judge Milton Pollack noted that it was "the largest class action recovery in the 75 plus year history of the Commodity Exchange Act". 74 F. Supp. 2d 393 (S.D.N.Y. Nov. 15, 1999). Additional reported opinions: 995 F. Supp. 451 (S.D.N.Y. 1998); 182 F.R.D. 85 (S.D.N.Y. 1998). Mr. Miller was appointed by Judge Pollack as Plaintiffs' Co-Lead Counsel.

*Kohen, et al. v. Pacific Investment Management Co.*, No. 05-4681 (N.D. Ill.). This class action recovered for alleged violations of the Commodity Exchange Act when the Defendants improperly manipulated the Ten-Year Treasury bonds. On July 31, 2009, the Seventh Circuit Court of Appeals affirmed the decision that this case can proceed as a class action. On May 2, 2011, the Court entered a $118.75 million judgment in favor of the class. Mr. Miller, at the request of Lead Counsel, served as *liaison* counsel for the Plaintiffs.

*Smith v. Groover*, 77-2297 (N.D.Ill.). A commodities fraud and antitrust class action against the Chicago Board of Trade and several floor traders involving the manipulation of the soybean market through bucketing. The case established that, in the Northern District of Illinois, a plaintiff has an implied private right of action under the Commodity Exchange Act and that an Exchange can be sued for negligence in failing to supervise its members. Mr. Miller was one of Plaintiff's counsel in this precedent making decision.

## Securities:

*Abrams v. Van Kampen Funds*, Case No. 01-7538 (N.D. Ill.), involving a mutual fund that was charged with improperly valuing its net asset value. After extensive discovery, the case settled for in excess of $31 million and was granted final approval.

*Central Laborers' Pension Fund v. Sirva, Inc.*, 04-7644 (N.D. Ill.). A $53 million settlement was approved in this national securities class action which sought recovery from the defendant for

violations of the securities laws because of the alleged failure to disclose to the investing public the true financial condition of the company.  Mr. Miller served as Plaintiff's *liaison* counsel at the request of Lead counsel.

*Danis v. USN Communications, Inc.,* No. 98-7482 (N.D. Ill.).  Securities fraud class action arising out of the collapse and subsequent bankruptcy of USN Communications, Inc.  The court approved a $44.7 million settlement with certain control persons and underwriters.  Reported decisions: 73 F. Supp. 2d 923 (N.D. Ill. 1999); 189 F.R.D. 391 (N.D. Ill. 1999); 121 F. Supp. 2d 1183 (N.D. Ill. 2000).  At the request of Co-Lead Counsel, Mr. Miller served as *liaison* counsel for Plaintiffs.

*In re Archer-Daniels-Midland, Inc. Sec. Litig.,* No. 95-2287 (C.D. Ill.).  A class action arising out of the Archer-Daniels-Midland price-fixing scandal.  Plaintiffs brought claims for securities law violations which settled for   $30 million.

*In re Baldwin-United Corp. Sec. Litig.,* MDL-581, (S.D.N.Y.). In this early multi-district securities class action, Plaintiffs' counsel advanced the novel issue of whether Single Premium Deferred Annuities sold by the stock brokerage industry were securities and the sale of approximately $4.2 billion of were in violation of the federal and state securities laws.  A $180 million settlement was obtained was the largest securities class action settlements at the time and remains one of the larger securities class action settlements on record.  In awarding interim counsel fees, Judge Charles Brieant commented "...that plaintiffs' attorneys [including Marvin A. Miller as co-lead counsel] had rendered extremely valuable services with diligence, energy and imagination, and are entitled to just compensation."

*In re Bank One Shareholders Class Actions*, No. 00-880 (N.D. Ill.).  In this securities fraud class action against Bank One and certain officers,  Judge Milton I. Shadur appointed Mr. Miller to draft the Consolidated Class Action Complaint.  At the request of court-appointed lead counsel, Mr. Miller served as Plaintiffs' *liaison* counsel.  Judge Shadur subsequently approved a $45 million settlement.

*In re Caremark Int'l. Inc. Sec. Litig.,* No. 94-4751 (N.D. Ill.).  This action arose out of Caremark's allegedly improper financial arrangements with physicians. A $25 million settlement concluded the litigation.

*In re Nuveen Fund Litig.,* No. 94-360 (N.D. Ill.).  Class action and derivative suit under the Investment Company Act arising out of coercive tender offerings in two closed-end mutual funds.

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.,* MDL 1005 (S.D.N.Y.).  A nationwide multi-district class action arising out of Prudential Securities Incorporated's marketing and sale of speculative limited partnership interests.  The final settlements produced an aggregate of more than $132 million for injured investors.

*In re Salton/Maxim Sec. Litig.,* No. 91-7693 (N.D. Ill.).  Class action arising out of public offering of Salton/Maxim Housewares, Inc. stock.  On September 23, 1994, Judge James S. Holderman (now Chief Judge of the United States District Court for the Northern District of Illinois) approved a multi-million dollar settlement achieved for the class, commenting that "it was a pleasure to preside

over [the case] because of the skill and the quality of the lawyering on everyone's part in connection with the case."

***In re Sears, Roebuck and Co. Sec. Litig.,*** No. 02-07527 (N.D.Ill.). Sears settled a class action lawsuit for $215 million in a case brought by shareholders. The case alleged breach of fiduciary duty for failing to prevent improper bankruptcy collection practices under the company's debt reaffirmation agreements. Mr. Miller served as plaintiff's *liaison* counsel in this nationwide securities case.

***In re Telesphere Sec. Litig.***, 89-1875 (N.D. Ill.).  In his opinion approving a class action settlement, Judge Milton I. Shadur referred to Marvin A. Miller as "...an experienced securities law class action litigator and who also has 20 years [now 38 years] practice under his belt.  This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate."  753 F.Supp. 716, 719 (N.D. Ill. 1990).

***In re VMS Sec. Litig.***, 89-9448 (N.D. Ill.).  A securities fraud class action and derivative suit relating to publicly traded real estate investments.  The court certified a plaintiff class and subclasses of approximately 100,000 members, 136 F.R.D. 466 (N.D. Ill. 1991) and approved a class and derivative settlement worth $98 million.

***Horton v. Merrill Lynch, Pierce Fenner & Smith, Inc.***, No. 91-276-CIV-5-D (E.D.N.C.). A multi-million dollar settlement was approved in this securities fraud class action arising out of a broker's marketing of a speculative Australian security.  The Court stated that "the experience of class counsel warrants affording their judgment appropriate deference in determining whether to approve the proposed settlement."  855 F. Supp. 825, 831 (E.D.N.C. 1994).

***Hoxworth v. Blinder Robinson & Co.***, 88-0285 (E.D. Pa.).  A securities fraud and RICO class action resulting from alleged manipulative practices and boiler-room operations in the sale of "penny stocks."  Judgment in excess of $70 million was entered and that judgment was affirmed by the Third Circuit Court of Appeals, 980 F.2d 912 (3rd Cir. 1992).  *See also Hoxworth v. Blinder*, 74 F.3d 205 (10th Cir. 1996).

***Jones v. Corus Bancshares, Inc.***, 09-1538 (N.D.Ill.) Miller Law LLC served as Liaison Counsel in this securities fraud action against Corus.

***Makor Issues & Rights & Ltd. v. Tellabs***, 02-4356 (N.D. Ill.). This securities fraud action alleges that Tellabs, a global supplier of optical networking, broadband access and voice-quality enhancement solutions to telecommunications carriers and internet service providers engaged in wrongdoing concerning certain of its core products. Mr. Miller serves as Liaison Counsel. The case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases.  *Tellabs v. Makor Issues & Rights, Ltd.,* 127 S.Ct. 2499 (2007).  The court granted class certification on February 24, 2009.  The court granted final approval of a settlement on July 26, 2011.

***Mirsky v. Ulta Salon, Cosmetics and Fragrance Inc.***, 07-7083 (N.D. Ill.). As alleged in the complaint, defendants issued materially false and misleading statements in connection with the

9

IPO concerning ULTA's financial condition and the levels of its selling, general and administrative expenses inventories. The court approved settlement on November 16, 2009.

*Silverman v. Motorola*, 07-4507 (N.D. Ill.).  Miller Law LLC serves as Liaison Counsel in this securities fraud action against Motorola –one of the world's largest producers of wireless handsets.  The court granted class certification on August 25, 2009.  The court approved a $200 million settlement.

*Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Allscripts-Misys Healthcare Solutions, Inc.*, 09-4726 (N.D.Ill.) This is a securities class action on behalf of purchasers of Allscripts-Misys Healthcare Solutions, Inc. common stock during the class period seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

*Garden City Employees' Retirement System v. Anixter Int'l Inc.,* 09-5641 (N.D.Ill.) This is a securities class action on behalf of purchasers of Anixter common stock during the class period seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

### Intellectual Property:

*Acco Brands USA v. PC Guardian Anti-Theft Products, Inc.,* No. 06-7102 (N.D. Ill.).  The firm represented one of the named defendants in this alleged patent infringement case.

*Baxter Int'l v. McGaw, Inc.,* (N.D. Ill.).   Mr. Miller, together with co-counsel, successfully represented the Defendant in this patent infringement case and served as a member of the trial team which won a jury verdict of non-infringement of three needleless injection sites and also obtained a finding that the Plaintiff had engaged in inequitable conduct on two of the patents. The Court also found that the Plaintiff engaged in inequitable conduct. The decision was affirmed by the Court of Appeals Federal Circuit.  (96-1329,-1342, 97-1331,-1350 decided June 30, 1998).

*Golden Bridge Technology v. AT&T Corp., et al.,* 10-428, 11-165 (consolidated)(D.Del.) represented plaintiff in this multi-defendant patent infringement litigation.

### Shareholder and Derivative actions:

*Murphy v. CDW Corp.*, 07-3033 (N.D. Ill.). The firm represents a class of the public shareholders of CDW Corporation who sued the company and its directors for breach of fiduciary duties in connection their acceptance of the $7.3 billion buyout. The complaint alleges, among other matters, that the price does not reflect the true value of the company to its shareholders. The firm has been appointed *liaison* counsel for the class. The Court entered an order approving the settlement on May 7, 2008.

### Other Representative Cases:

*In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715, (N.D. Ill.). This large multidistrict national class action against this "subprime" lender, challenges Ameriquest's alleged predatory lending practices, "bait and switch", faulty appraisals, improper late fees and hidden costs, among other practices, and seeks damages and remedial relief on behalf of borrowers. At Plaintiffs' Co-lead counsel's request, Mr. Miller serves as *liaison* counsel.

*In re Sears, Roebuck and Co., ERISA Litig.*, 02-8324 (N.D. Ill.). Mr. Miller served as plaintiff's liaison counsel in this nationwide action. Sears settled this ERISA action for $14.5 million in cash. The case alleged breaches of fiduciary duties in contravention of the Employee Retirement Income Security Act of 1974. The plan participants will directly benefit from the resulting settlement.

*PrimeCo Personal Communications, L.P. v. Ill. Commerce Comm'n.*, No. 98 CH 5500 (Circuit Court of Cook County, Ill.). This class action sought recovery of an unconstitutional infra-structure maintenance fee imposed by municipalities on wireless telephone and pager customers in the State of Illinois. The court granted final approval to a settlement of more than $31 million paid by the City of Chicago. Subsequently, the court certified a settlement class of all wireless users in the State of Illinois and a Defendant Class of municipalities throughout the state which collected Infrastructure Maintenance Fees from wireless users and approved a settlement for the Class of in excess of $11 million. Mr. Miller served as a Co-lead counsel for Plaintiffs in this novel class action.

*Rodriguez v. CenturyTel, Inc.*, 09-50006 (N.D. Ill.). In this FLSA action, Miller Law LLC recovered overtime and other wages for employees. The Court approved a settlement in September, 2009.

### Defendant Representations:

In addition to our representation of plaintiffs, Miller Law attorneys have also represented defendants in complex class actions and derivative suits, including *In re Del-Val Financial Corp. Sec. Litig.*, MDL-872 (S.D.N.Y.); *In re Kenbee Limited Partnership Litig.*, No. 91-2174 (D.N.J.); *Weiss v. Winner's Circle of Chicago, Inc.*, No. 91-2780 (N.D. Ill.); *Levy v. Stern*, No. 11955 (New Castle County, Delaware). The court's decision in *In re Del-Val Financial Corp. Sec. Litig.*, 868 F. Supp. 547 (S.D.N.Y. 1994) resulted in a significant extension of the law concerning partial settlements of securities fraud class actions.

In the area of Intellectual Property, Miller Law attorneys represented McGaw, Inc. in an alleged patent infringement jury trial. The jury found in favor of our client and the decision was affirmed by the Federal Circuit. (96-1329,-1342, 97-1331,-1350 decided June 30, 1998); and represent Elizabeth Arden, Inc. for alleged violation of improperly extending patents, No. 10 C 3491) (N.D. Ill.). Mr. Miller also represents defendant PSMJ Resources, Inc. in the *Modern Trade Communications, Inc. v. PSMJ Resources, Inc.*, 10-5380 (N.D.Ill.)

11

## Individual Biographies

***MARVIN A. MILLER*** has more than 42 years of commercial and class action litigation experience. Mr. Miller has been lead or co-lead counsel across the full spectrum of industries (airline, cell and telephone, financial services, Internet and technology, manufacturing, pharmaceuticals, retailing, stock broker and exchange, and utilities) and practices (antitrust, consumer and investor fraud and protection, employment and employee benefits, insurance, shareholder derivative actions) that encompasses Miller Law LLC's practice. Mr. Miller holds an AV® (highest) rating from Martindale-Hubbell®. Each year from January 2007 through 2013, Law & Politics and the publishers of Chicago Magazine named Mr. Miller an Illinois Super Lawyer. Super Lawyers are the top 5 percent of attorneys in Illinois, as chosen by their peers and through the independent research of Law & Politics. Mr. Miller has also served as a panelist for Practising Law Institute.

Prior to founding Miller Law LLC, Mr. Miller was a co-founder of another national class action law firm. Throughout his career in class action jurisprudence, Mr. Miller has represented shareholders and investors in high profile and precedent-setting class action litigation involving such companies as Continental Illinois National Bank and Trust and Baldwin United Corporation. He was lead attorney in *Smith v. Groover*, in which he represented clients against the Chicago Board of Trade and several of its traders; the decision in the case, later affirmed, *sub. nom.*, in *Curran v. Merrill Lynch Pierce Fenner & Smith*, by the U.S. Supreme Court, established the precedent that an individual has an implied private right of action to sue an Exchange for negligence in failing to supervise its members.

Mr. Miller is a 1970 graduate of Illinois Institute of Technology-Chicago-Kent College of Law, where he was a member of the Editorial Board of the *Chicago-Kent Law Review*. He received his undergraduate degree from Hofstra University in Hempstead, New York in 1967. He is admitted to the state bars of Illinois and New York, the United States Court of Appeals for the Third, Fourth, Seventh, Eleventh Circuit, and Federal Circuit, the United States District Courts for the Northern District of Illinois (including the Trial Bar), Southern District of New York, Eastern District of Michigan and Northern District of California. Mr. Miller is a member of the Chicago Bar Association and the Illinois State Bar Association and serves on the *Cy Pres* Committee of the Illinois Bar Foundation.

***LORI A. FANNING*** concentrates her practice on complex class litigation in a wide range of matters in federal and state court, primarily in the areas of consumer protection, antitrust and securities. She has prosecuted a variety of lawsuits involving the airline, banking, credit card, internet, pharmaceutical, and insurance industries. Ms. Fanning currently litigates securities fraud claims against such companies as Household International, Boeing and Baxter; antitrust claims against companies such as GlaxoSmithKline; and has defended patent litigation on behalf of Datamation Systems, Inc. Ms. Fanning actively participated in the trial preparations for *In re Visa Check/MasterMoney Antitrust Litigation,* a civil antitrust case that settled for in excess of $3 billion on the eve of trial. Prior to attending law school, she enjoyed a successful career as a logistician with the United States government at the Naval Sea Systems Command in the Washington, D.C. area in support of Foreign Military Sales, new ship construction, and naval equipment. For her dedication, the Department of the Navy honored her with the Meritorious Civilian Service medal.

Ms. Fanning received her law degree with honors and a Certificate in Litigation and Alternative Dispute Resolution from the Illinois Institute of Technology/Chicago-Kent College of Law. She also earned a Master of Science in Administration from Central Michigan University, and a Bachelor's degree from the University of Nebraska at Omaha. She is admitted to practice in the state of Illinois and the federal district courts for the Northern District of Illinois, the Eastern District of Wisconsin, and the United States Courts of Appeals for the Seventh and Ninth Circuits. Ms. Fanning is a member of the American and Chicago Bar Associations.

***MATTHEW E. VAN TINE*** focuses his practice on antitrust, securities fraud, and consumer protection matters. He has participated in the prosecution and defense of many securities, antitrust, and consumer class actions over the past two decades including securities litigation against Van Kampen Funds and Baxter International; antitrust class actions involving nurses' wages, the drug warfarin sodium (Coumadin), and an industry-wide effort to raise drug prices paid by retail drug stores (the Brand Name Prescription Drug Antitrust Litigation); and litigation on behalf of consumers challenging an unconstitutional fee imposed on wireless and landline phone customers. Before associating with Miller Law LLC, Mr. Van Tine was affiliated with two other class action boutique law firms for fourteen years. Mr. Van Tine has also practiced with large law firms in Chicago and Boston, and served as an Assistant Corporation Counsel for the City of Chicago Law Department.

Mr. Van Tine received his A.B. degree *cum laude* from Harvard College in 1980, and his J.D. degree *magna cum laude* from Boston University School of Law in 1983, where he served as an Executive Editor of the Law Review and was the author of Note, *Application of the Federal Parole Guidelines to Certain Prisoners: An Ex Post Facto Violation*, 62 B.U.L. Rev. 515 (1982). Following law school, Mr. Van Tine served as a law clerk to the Honorable Raymond J. Pettine of the United States District Court for the District of Rhode Island. Mr. Van Tine's practice admissions include the state bars of Illinois and Massachusetts, the Supreme Court of the United States, the United States Court of Appeals for the Seventh Circuit and the United States District Courts for the Northern District of Illinois and the District of Massachusetts. He is a member of the Chicago and American Bar Associations, and served as a past President of the Abraham Lincoln Marovitz American Inn of Court.

***ANDREW SZOT*** handles a wide variety of complex commercial litigation matters throughout the United States. He has litigated commercial fraud, insurance coverage, and breach of fiduciary duty. Mr. Szot also litigates before the Equal Employment Opportunity Commission and the National Labor Relations Board. His peers selected him as an Illinois Rising Star in 2010, 2011, and 2012.

Mr. Szot received his Bachelor of Arts in History, with distinction, in 1997. He graduated from the University of Michigan Law in 2000. Prior to the practice of law, Mr. Szot spent a year as an AmeriCorps volunteer in Detroit, teaching and mentoring disadvantaged elementary school students, earning him a nomination for the Michigan Governor's Service Award.

Mr. Szot is a member of the Illinois State Bar (2001), the Bars of the U.S. Court of Appeals for the 7th Circuit (2001), U.S. District Court for the Northern District of Illinois (2001), and Federal Trial

Bar for the Northern District of Illinois (2007).  He is also the co-chairman of the Human Rights Committee of the Chicago Bar Association.

**KATHLEEN E. BOYCHUCK** focuses her practice on antitrust and consumer protection complex class litigation. Ms. Boychuck currently manages the electronic discovery review for document-intensive, multi-defendant antitrust class actions. She is active in the prosecution of a matter against a major U.S. pharmaceutical company relating to conduct which has caused generic delay into the market.

Ms. Boychuck graduated from The John Marshall Law School in 2006. While in law school, she appeared on the Dean's List. Ms. Boychuck also participated in a study abroad program with a concentration in international human rights in Salzburg, Austria, taught by the Honorable Anthony M. Kennedy, Associate Justice of the United States Supreme Court. Ms. Boychuck received her Bachelor of Arts in Political Science from the University of Wisconsin-Madison in 2002. In 2001, she interned for the American Bar Association's Standing Committee on Law and National Security in Washington, D.C., in support of the legal response to terrorism, weapons of mass destruction and information warfare.

She is admitted to practice in the state of Illinois (2006) and the United States District Court for the Northern District of Illinois (2006). Ms. Boychuck is a member of the Chicago Bar Association.

# EXHIBIT 2

# In re: WELLBUTRIN XL ANTITRUST LITIGATION
## Case No. 2:08-cv-2433
### TIME REPORT

**FIRM NAME:** MILLER LAW LLC
**REPORTING PERIOD:** Inception through April, 2013

Categories
[1] Investigations, Research and Pleadings
[2] Discovery
[6] Litigation Strategy and Analysis
[8] Case Management and Administration

| Name | Status* | [1] | [2] | [3] | [4] | [5] | [6] | [7] | [8] | [9] | Total Hours | Hourly Rate | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PARTNERS** | | | | | | | | | | | | | |
| Marvin A. Miller | | 25.5 | 13.4 | | | | 10.8 | | 0.3 | | 50.0 | $815.00 | $40,750.00 |
| Matthew Van Tine | | 9.5 | | | | | | | | | 9.5 | $685.00 | $6,507.50 |
| Lori A. Fanning | | 237.0 | 248.3 | | | | 24.5 | | 0.2 | | 510.0 | $600.00 | $306,000.00 |
| **TOTAL PARTNERS** | | 272.0 | 261.7 | 0.0 | 0.0 | 0.0 | 35.3 | 0.0 | 0.5 | 0.0 | 569.5 | | $353,257.50 |
| **ASSOCIATES** | | | | | | | | | | | | | |
| Kathleen E Boychuck | | 25.5 | | | | | | | | | 25.5 | $ 355.00 | $9,052.50 |
| Melody Forrester | | 5.3 | | | | | | | | | 5.3 | $525.00 | $2,782.50 |
| **TOTAL ASSOCIATES** | | 5.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 30.8 | | $11,835.00 |
| **PARALEGALS** | | | | | | | | | | | | | |
| Anne Jewell | | 2.2 | 90.2 | | | | | | 1.1 | | 93.5 | $250.00 | $23,375.00 |
| Kay Pulido | | 13.9 | 692.6 | | | | | | 1.7 | | 708.2 | $210.00 | $148,722.00 |
| Jorge Ramirez | | 91.5 | 4.5 | | | | | | 49.5 | | 145.5 | $220.00 | $32,010.00 |
| **TOTAL PARALEGALS** | | 107.6 | 787.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 52.3 | 0.0 | 947.2 | | $204,107.00 |
| **TOTALS:** | | 384.9 | 1049.0 | 0.0 | 0.0 | 0.0 | 35.3 | 0.0 | 52.8 | 0.0 | 1,547.5 | | $569,199.50 |

# EXHIBIT 3

**In re: WELLBUTRIN XL ANTITRUST LITIGATION**

**FIRM NAME: MILLER LAW LLC**

**DATE: Inception through April 2013**

| DESCRIPTION | CUMULATIVE EXPENSES |
|---|---:|
| Assessment | 15,000.00 |
| Travel/Meals | |
| Telephone/Facsimile | 39.14 |
| Postage/Express Delivery/Messenger | 94.89 |
| Commercial Copies | |
| Internal Reproduction/Copies/Printing | 2,070.00 |
| Expert Consultants | |
| Court Fees | 80.00 |
| Court Reporters/Transcripts | 861.40 |
| Witness/Services Fees | 140.00 |
| Computer Research | 2,129.20 |
| Clerical Overtime | |
| Deposition | |
| Miscellaneous (Public Relations) | |
| | |
| **TOTAL EXPENSES** | $20,414.63 |

* Incep to 10/31/09 - Filing fee