# EXHIBIT S

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re WELLBUTRIN XL | ) |
| ANTITRUST LITIGATION | ) Civil Action No.:  2:08-cv-2433 |
| | ) |
| THIS DOCUMENT RELATES TO: | ) Honorable Mary A. McLaughlin |
| | ) |
| INDIRECT PURCHASER ACTIONS | ) |
| | ) |

**DECLARATION OF KENDALL  S. ZYLSTRA IN SUPPORT OF PLAINTIFFS'**
**APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**

## DECLARATION OF KENDALL S. ZYLSTRA

I, Kendall S. Zylstra, declare as follows:

1.       I am an attorney in good standing, duly licensed and admitted to the Commonwealth Bar of Pennsylvania, and a partner in the law firm of Faruqi & Faruqi, LLP.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.       My firm is counsel of record in this case, and represents the Indirect Purchaser Class generally and Mechanical Contractors-United Association Local 119 Health and Welfare Plan ("MC-UA").  This Court appointed Branstetter Stranch & Jennings one of the co-lead counsel, which represents MC-UA along with my firm, in its Pretrial Order No. 1 entered on August 20, 2008 [Docket # 36] / Co-Lead Class Counsel in its Class Certification Order entered August 15, 2011 [Docket #354].  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.       My firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and transmitted a summary of those reports to Co-Lead Class Counsel on a regular basis.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect-Purchaser Plaintiffs (IPPs).

4.       During the course of this litigation, my firm has been involved in a multitude of tasks and activities on behalf of the IPPs.  These tasks and activities were performed in coordination with and/or at the direction of co-lead counsel.  Such tasks included, but were not limited to: fact investigation and filing the initial complaint; engaging in a private ordering process supporting the Court's appointment of the leadership structure in the Pretrial Order No. 1; working on the consolidated amended complaints and responding to defendants' motion to dismiss; responding to discovery, including the collection, review and preparation of document

production; and preparing for and participating in strategic conferences with co-lead counsel and other members of the Executive Committee.  In addition, we made significant contributions to the plaintiffs' litigation fund.

5.     My firm submitted our detailed time records to Co-Lead Class Counsel for submission to the Court *in camera*. These contemporaneous time records were regularly prepared and maintained by my firm.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 are their current rates, and are the usual and customary hourly rates charged for these professionals' services in similar complex litigation. These time records do not include any time devoted to preparing this declaration or otherwise pertaining to the Fee Petition.

6.     The total number of hours reasonably expended on this litigation by my firm from inception to April 30, 2013 is 346.8 hours.  The total lodestar for my firm at current rates is $204,966.00.  The lodestar calculation is based on my firm's current rates.  Expense items are billed separately and are not duplicated in my firm's lodestar.

7.     The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, receipts, check records and other source materials and accurately reflect the expenses incurred.

8.     My firm incurred a total of $17,314.45 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation.  Of this amount, $15,000 was for assessment payments to the litigation fund Co-Lead Class Counsel established for the common expenses incurred in the prosecution of this case or direct payments to experts or other vendors made at the request of Co-Lead Counsel, and an additional $2,314.45 was for non-common expenses incurred by my firm, such as travel, meals and lodging, copying, legal research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury under the laws of the United States and the Commonwealth of Pennsylvania that the foregoing is true and correct.  Executed this 14th day of May, 2013, in Jenkintown, Pennsylvania.

_/s/ Kendall S. Zylstra_

Kendall S. Zylstra

**In re: WELLBUTRIN XL ANTITRUST LITIGATION**
**Case No. 2:08-cv-2433**
**TIME REPORT**

FIRM NAME: FARUQI & FARUQI, LLP
REPORTING PERIOD: Inception- 12/31/09

Categories
[1] Investigations, Factual Research
[2] Discovery
[3] Pleadings, Briefs and Pretrial Motions (including legal research)
[4] Court Appearances
[5] Settlements
[6] Litigation Strategy and Analysis
[7] Class Certification
[8] Case Management and Administration
[9] Experts

| Name | Status* | [1] | [2] | [3] | [4] | [5] | [6] | [7] | [8] | [9] | Current Hours | Current Lodestar | Total Hours | Hourly Rate | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PARTNERS** | | | | | | | | | | | | | | | |
| Nadeem Faruqi | | | | | | | 14.5 | | | | 14.5 | $12,325.00 | 14.5 | $850.00 | $12,325.00 |
| Kendall S. Zylstra | | | 1.6 | 39.5 | 4.8 | | 21.9 | 7.3 | | | 75.1 | $54,447.50 | 75.1 | $725.00 | $54,447.50 |
| Jacob Goldberg | | 3.1 | | | | | | | | | 3.1 | $2,247.50 | 3.1 | $725.00 | $2,247.50 |
| | | | | | | | | | | | | | | | $0.00 |
| **TOTAL PARTNERS** | | 3.1 | 1.6 | 39.5 | 4.8 | 0.0 | 36.4 | 7.3 | 0.0 | 0.0 | 92.7 | $69,020.00 | 92.7 | | $69,020.00 |
| **ASSOCIATES** | | | | | | | | | | | | | | | |
| Stephen E. Connolly | | | 26.3 | 34.4 | | | 5.0 | 3.6 | 0.5 | | 69.8 | $38,739.00 | 69.8 | $555.00 | $38,739.00 |
| Richard Schwartz | | | | 7.1 | 20.5 | | 0.7 | | | | 28.3 | $14,574.50 | 28.3 | $515.00 | $14,574.50 |
| Sandra Smith | | | 141.5 | | | | | | | | 141.5 | $78,532.50 | 141.5 | $555.00 | $78,532.50 |
| **TOTAL ASSOCIATES** | | 0.0 | 167.8 | 41.5 | 20.5 | 0.0 | 5.7 | 3.6 | 0.5 | 0.0 | 239.6 | $131,846.00 | 239.6 | | $131,846.00 |
| **PARALEGALS** | | | | | | | | | | | | | | | |
| Maegan Marin | | | | 2.0 | | | | | | | 2.0 | $350.00 | 2.0 | $175.00 | $350.00 |
| Aleksey Barinov | | 12.5 | | | | | | | | | 12.5 | $3,750.00 | 12.5 | $300.00 | $3,750.00 |
| **TOTAL PARALEGALS** | | 12.5 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 14.5 | $4,100.00 | 14.5 | | $4,100.00 |
| **TOTALS:** | | 15.6 | 169.4 | 83.0 | 25.3 | 0.0 | 42.1 | 10.9 | 0.5 | 0.0 | 346.8 | $204,966.00 | 346.8 | | $204,966.00 |

**In re: WELLBUTRIN XL ANTITRUST LITIGATION**

**FIRM NAME:  Faruqi & Faruqi, LLP**

**DATE: Inception Through 12-31-09**

| DESCRIPTION | MONTHLY EXPENSES | CUMULATIVE EXPENSES |
|---|---|---|
| Assessment | | |
| Travel/Meals | $667.84 | $104.35 |
| Telephone/Facsimile | $52.00 | $52.00 |
| Postage/Express Delivery/Messenger | $44.00 | $44.00 |
| Commercial Copies | | |
| Internal Reproduction/Copies/Printing | $124.50 | $124.50 |
| Expert Consultants | | |
| Court Fees | | $1,605.00 |
| Court Reporters/Transcripts | | |
| Witness/Services Fees | | |
| Computer Research | $384.60 | $384.60 |
| Clerical Overtime | | |
| Deposition | | |
| Miscellaneous (Public Relations) | | |
| Contribution to Plaintiff's Lit. Fund | | $15,000.00 |
| **TOTAL EXPENSES** | $1,272.94 | $17,314.45 |

# EXHIBIT  #1



Faruqi & Faruqi, LLP focuses on complex civil litigation, including securities, antitrust, wage and hour, and consumer class actions as well as shareholder derivative and merger and transactional litigation.  The firm is headquartered in New York, and maintains offices in California, Delaware, Florida and Pennsylvania.

Since its founding in 1995, Faruqi & Faruqi, LLP has served as lead or co-lead counsel in numerous high-profile cases which ultimately provided significant recoveries to investors, consumers and employees.

# PRACTICE AREAS

## ANTITRUST LITIGATION

The attorneys at Faruqi & Faruqi, LLP represent direct purchasers, third-party payors, end payors, and competitors in a variety of individual and class action antitrust cases brought under Sections 1 and 2 of the Sherman Act.  These actions, which typically seek treble damages under Section 4 of the Clayton Act, have been commenced by businesses and consumers who have been injured by anticompetitive agreements to fix prices or allocate markets, conduct that excludes or delays competition, and other monopolistic or conspiratorial conduct that harms competition.   Current and past matters include the following:

- *In re Aftermarket Filters Antitrust Litigation*, No. 08-4883 (N.D. Ill) (representing a proposed class of direct purchasers of filters challenging conspiracy to fix prices, in violation of § 1 of the Sherman Act)
- *In re AndroGel Antitrust Litigation (II)*, No. 09-2084 (N.D. Ga.) (representing a proposed class of direct purchasers of drug AndroGel, alleging that the manufacturer of drug AndroGel entered into anticompetitive settlement agreements designed to delay generic competition in violation of §§ 1 and 2 of the Sherman Act)
- *Babyage.com, Inc., et al. v. Toys "R" Us, Inc.*, No. 05-6792 (E.D. Pa.) (representing two retailers challenging dominant retailer and co-conspirator suppliers' anticompetitive scheme to impose and enforce resale price maintenance in violation of §§ 1 and 2 of the Sherman Act and state law) (settled for undisclosed amount)
- *In re Blood Reagents Antitrust Litigation*, No. 09-2081 (E.D. Pa.) (representing a proposed class of direct purchasers of blood reagent products, challenging conspiracy to fix prices, in violation of § 1 of the Sherman Act)
- *Broadway v. JP Morgan Chase & Co. et al.*, No. 11-cv-00398 (E.D.N.Y.) (representing proposed class of silver traders against investment firms alleging conspiracy to depress and manipulate the price of COMEX silver futures and option contracts in violation of § 1 of the Sherman Act)
- *Brownson v. Furukawa Electric Co., Ltd. et al*, No. 11-14831(E.D. Mich.) (representing proposed class of users of wire harnesses in automobiles against parts manufactures who pleaded guilty to Department of Justice charges of an conspiracy to fix prices, violating § 1 of the Sherman Act)
- *Castro et al. v. Sanofi Pasteur, Inc.*, No. 11-cv-07178 (D. N. J.) (representing pediatricians and practice groups again children's vaccine maker for tying and bundling in an abuse of monopoly power in violation of § 2 of the Sherman Act)

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



- *In re Chocolate Confectionary Antitrust Litigation*, No. 08-MD-1935 (M.D. Pa.) (representing direct purchasers of chocolate products challenging conspiracy to fix prices, in violation of § 1 of the Sherman Act)
- *Connecticut Children's Medical Center v. Lundbeck, Inc.*, No. 09-1652 (D. Minn.) (representing a class of direct purchasers of drugs Indocin and NeoProfen alleging monopolization under §§ 1 and 2 of the Sherman Act and § 7 of the Clayton Act) (settled)
- *Cronk v. GMAC Mortgage, LLC,* No. 11-05161-SD (E.D. Pa.) (representing  a class of condominium owners alleging that GMAC conducted a pattern and practice of forcing owners of condominium units to purchase excessive high-premium flood insurance in violation of federal and state laws)
- *In re Delta/AirTran Baggage Fee Antitrust Litigation*, No. 09-MD-2089 (N.D. Ga.) (representing a proposed class of direct purchasers challenging conspiracy to fix baggage fees by two major airlines, in violation of § 1 of the Sherman Act)
- *In re Effexor Antitrust Litigation*, No 11-196 (D.N.J.) (representing a proposed class of direct purchasers of drug Effexor XR, alleging that the manufacturer, in concert with a generic manufacturer, engaged in an anticompetitive scheme to delay generic competition in violation of §§ 1 and 2 of the Sherman Act) (Faruqi & Faruqi is on the Executive Committee)
- *In re Endosurgical Products Direct Purchaser Antitrust Litigation*, No. 05-CV-8809 (C.D. Cal.) (represented a proposed class of direct purchasers of endosurgical products manufactured by Johnson and Johnson, challenging bundled pricing and exclusionary contracting scheme that violated §§ 1 and 2 of the Sherman Act) (settled)
- *F & V Oil Company, Inc., et al v. Reddy Ice Holdings, Inc., et al*, No. 08-11152  (E.D. Mich.) (representing class of direct purchasers against manufacturers of packaged ice alleging conspiracy to fix prices and allocate markets in violation of  § 1 of the Sherman Act)(partially settled)
- *In re Hypodermic Products Antitrust Litigation*, No. 05-1602 (D.N.J.) (representing a proposed class of direct purchasers challenging monpolistic conduct by Becton Dickinson and Company in the sale of hypodermic syringes and related products) (settlement for $45M preliminarily approved)
- *In re Iowa Ready-Mixed Concrete Antitrust Litigation*, No. C 10-4038 (N.D. Ia.) (representing direct purchasers alleging producers and seller sellers of ready-mixed concrete conspired to fix prices in violation of § 1 of the Sherman Act) (settled for $18.5 million)
- *Isaac Industries, Inc. v. E.I. Dupont De Nemours and Company, et al.*, No. 10-00323-RDB (D. Md.) (representing proposed class of direct purchasers of titanium dioxide against manufacturers alleging a conspiracy to fix prices in violation of § 1 of the Sherman Act)
- *Jimico Enterprises, Inc., et al. v. Lehigh Gas Corp.*, No. 07-578 (N.D.N.Y) (representing several terminated gas stations alleging violations of the Petroleum Marketing Practices Act) (judgment for plaintiffs)
- *King Drug Company of Florence, Inc., et al. v. Cephalon, Inc., et al.*, No. 06-1797 (E.D. Pa.) (representing direct purchasers of drug Provigil alleging Cephalon conspired with generic competitors as part of a larger scheme to monopolize in violation of §§ 1 and 2 of the Sherman Act)
- *In re Lipitor Antitrust Litigation*, No. 12-2389 (PGS/DEA) (D.N.J.) (representing a proposed class of direct purchasers of Lipitor alleging that Pfizer and a generic drug company, Ranbaxy, conspired to delay generic atorvastatin calcium competition)
- *Marchbanks Truck Service, Inc., et al. v. Comdata Network, Inc., et al.*, No. 07-1078-JKG-HSP (E.D. Pa.) (representing proposed class of independent truck stops against fleet card issuer and chain truckstops for abuse of monopoly power and tying and bundling in violation of § 2 of the Sherman Act)

2



- *Marchese v. Cablevision Systems Corporation*, No. 2:10-cv-02190 (D.N.J.) (representing a proposed class of direct purchasers of two-way cable services from Cablevision, accusing Cablevision of illegally tying those services to rentals of a Cablevision-supplied set-top box)
- *Mark S. Wallach, et al. v. Eaton Corp., et al.*, No. 10-260 (D. Del.) (representing purchasers of truck transmissions alleging exclusive dealing agreements between Eaton Corp. and OEMs to keep the price for truck transmissions artificially high in violation of §§ 1 and 2 of the Sherman Act and § 3 of the Clayton Act) (Faruqi & Faruqi is on the executive committee)
- *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, 06-52 (D. Del.) (representing pharmaceutical wholesaler and proposed class of direct purchasers challenging the conduct of AstraZeneca in delaying generic drug competition, in violation of § 2 of the Sherman Act) (settled for $20 million)
- *In re Nexium (Esomeprazole) Antitrust Litigation*, No. 12-md-2409 (D. Mass.) (representing a pharmaceutical wholesaler and proposed class of direct purchasers challenging pay-for-delay agreements delayed generic competition to AstraZeneca's Nexium, in violation of §§ 1 and 2 of the Sherman Act)
- *In re Online DVD Rental Antitrust Litigation*, No. 09-2029 (N.D. Cal.) (representing a proposed class of subscribers to Netflix alleging a per se illegal market allocation agreement between it and Walmart) (partial settlement for approximately $27 million)
- *In re Pennsylvania Title Ins. Antitrust Litigation*, No. 08-1202 (E.D. Pa.) (Faruqi & Faruqi partner Peter Kohn was co-lead counsel in this action on behalf of direct purchasers of title insurance alleging illegal cartel pricing under § 1 of the Sherman Act) (appeal pending)
- *In re Prandin Direct Purchaser Antitrust Litigation*, No. 10-12141AC-DAS (E.D. Mich.) (representing a pharmaceutical wholesaler and proposed class of direct purchasers challenging the conduct of Novo Nordisk A/S in manipulating regulatory framework and patent laws to delay generic drug competition in violation of § 2 of the Sherman Act) (Faruqi & Faruqi is on the executive committee)
- *In re Ready-Mixed Concrete Antitrust Litigation*, No. 05-979 (S.D. Ind.) (represented a proposed class of direct purchasers of ready-mixed concrete challenging conspiracy to fix prices, in violation of § 1 of the Sherman Act) (settled in excess of $40 million)
- *Rhodes v. National Collegiate Athletic Association, et al*, No. 09-5378 (N.D. Cal.) (representing a proposed class of Division 1 college athletes and former athletes against the NCAA and its licensing agent alleging conspiracy to preclude athletes from profiting from use of their images in violation of § 1 of the Sherman Act)
- *Rochester Drug Co-Operative, Inc., et al. v. Braintree Labs, Inc.*, No. 07-142-SLR (D. Del.) (representing a pharmaceutical wholesaler and proposed class of direct purchasers of drug MiraLax alleging and anticompetitive scheme to delay generic competition in violation of § 2 of the Sherman Act) (settled for $17.25 million)
- *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*, No. 12-3824 (E.D. Pa.) (representing a proposed class of direct purchasers of drug Doryx, alleging that the manufacturer engaged in an anticompetitive scheme to delay generic competition in violation of §§ 1 and 2 of the Sherman Act) (Faruqi & Faruqi is co-lead counsel)
- *In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 12-MD-2343 (E.D. Tenn.)  (representing a proposed class of direct purchasers of Skelaxin alleging that King and a generic drug company, Mutual, conspired to delay generic metaxalone competition)
- *Sotomayor, v. Hachette Book Group Inc., et al.*, No. 11-05707 (S.D.N.Y.) (representing a proposed class of e-book purchasers alleging a horizontal conspiracy among book publishers and e-book sellers in the United States to raise, fix, stabilize and maintain retail prices of e-books)

3



FARUQI & FARUQI LLP
ATTORNEYS AT LAW

- *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation*, MDL No. 2445 (representing a pharmaceutical wholesaler and proposed class of direct purchasers of Reckitt Benckiser's Suboxone, alleging that Reckitt engaged in a scheme to delay generic competition in violation of § 2 of the Sherman Act)
- *In re Text Messaging Antitrust Litigation*, No. 08-C-782 (N.D. Ill.) (representing purchasers of text messaging services alleging price-fixing in violation of § 1 of the Sherman Act)
- *Throm v. GMAC Mortgage, LLC*, No. 11-06813-SD (E.D. Pa.) (representing a class of homeowners alleging that GMAC conducted a pattern and practice of forcing owners of properties to purchase excessive high-premium flood insurance in violation of federal and state laws)
- *In re Tricor Antitrust Litigation*, No. 05-360 (D. Del.) (represented PacifiCare, a large third-party payor challenging the conduct of Abbott Laboratories and Laboratories Fournier in suppressing generic drug competition, in violation of §§ 1 and 2 of the Sherman Act) (settled for undisclosed amount)
- *In re Wellbutrin XL Antitrust Litigation*, No. 08-2431 (E.D. Pa.) (representing a pharmaceutical wholesaler and proposed class of direct purchasers challenging the conduct of SmithKline Beecham Corp. and Biovail Laboratories in delaying generic drug competition, in violation of §§ 1 and 2 of the Sherman Act) (settlement for $37.5 million against one defendant)

## CONSUMER FRAUD LITIGATION

Attorneys at Faruqi & Faruqi, LLP have represented consumers in a variety of state and federal complex class action cases. In *Thomas v. Global Vision Products*, Case No. RG-03091195, California Superior Ct., Alameda Cty.), Faruqi & Faruqi, LLP served as co-lead counsel in a consumer class action lawsuit against Global Vision Products, Inc., the manufacturer of the Avacor hair restoration product and its officers, directors and spokespersons, in connection with the false and misleading advertising claims regarding the Avacor product. Though the company had declared bankruptcy in 2007, Faruqi & Faruqi, LLP, along with its co-counsel, successfully prosecuted two trials to obtain relief for the class of Avacor purchasers. In January 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of the product. In November 2009, another jury awarded plaintiff and the class more than $50 million in a separate trial against two other company directors and officers. This jury award represented the largest consumer class action jury award in California in 2009 (according to VerdictSearch, a legal trade publication).

In *Kelly, v. Phiten*, 11-cv-00067 JEG (S.D. IA 2011), Faruqi & Faruqi, LLP served as co-lead counsel in action concerning Defendant Phiten USA's alleged false and misleading statements that its jewelry and other products are capable of balancing the user's energy flow. Faruqi & Faruqi, LLP negotiated a settlement entitling claimants to up to 300% of the cost of the product and substantial injunctive relief requiring Phiten to modify its advertising claims.

Faruqi & Faruqi, LLP was also successful in *In re: HP Power-Plug Litigation*, Case No. 06-1221 (N.D. Cal.), in obtaining full relief to class members with a settlement of a cash payment up to $650.00, or

4



in the alternative, a repair free-of-charge and free of shipping and handling costs and new limited warranty, to compensate class members for defective laptops manufactured by defendant HP. Also, in *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002), Faruqi & Faruqi, LLP obtained full relief for a class of approximately 170,000 members who purchased HP dvd-100i dvd-writers ("HP 100i") after HP misrepresented the write-once ("DVD+R") capabilities of the HP 100i; including, the compatibility of DVD+RW disks written by HP 100i with DVD players and other optical storage devices. HP agreed to replace the defective HP 100i with its more current, second generation DVD writer, the HP 200i, for affected class members and refund the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement. Also, in *Potter v. Sharper Image Corp.*, No. CGC-03426350 (Cal. Sup. Ct.) Faruqi & Faruqi, LLP was lead counsel on behalf of a class of purchasers of Sharper Image's Ionic Breeze air purifiers alleging unfair and deceptive trade practices.

Faruqi & Faruqi, LLP was appointed counsel in *In re: Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices, And Product Liability Litigation*, MDL No. 2172-CJC-RNB (C.D. Cal. 2011) on behalf of a proposed nationwide class of purchasers of Prius Hybrid and Lexus HS250h automobiles. Recently, Faruqi & Faruqi and co-counsel defeated a complex motion to dismiss filed by defendants who challenged plaintiffs' allegations pursuant to California's consumer laws including the UCL, the CLRA, and FAL as well as plaintiffs' breach of implied warranty of merchantability and breach of contract claims.

Faruqi & Faruqi is currently co-lead counsel in the following cases:

- *Avram v. Samsung Electronics America, Inc., et al.,* Case No. 11-CIV-6973 SRC-MAS (D.N.J. 2011) (representing a proposed nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. for misrepresenting the energy efficiency of certain refrigerators.)
- *Bates v. General Nutrition Centers, Inc., et al.,* Case No. 12-cv-01336-ODW-AJW (C.D. Cal. 2012) (representing a prospective class of consumers who purchased C-4 Extreme, a product containing a dangerous and synthetic stimulant, which has been deceptively marketed as a pre-workout "dietary supplement".)
- *Bates v. Kashi Co., et al.,* Case No. 11-CV-1967-H BGS (S.D. Cal. 2011) (representing a proposed nationwide class of purchasers of Kashi products that were deceptively labeled as "all natural.")
- *Dei Rossi v. Whirlpool Corp., et al.,* Case No. 2:12-cv-00125-JAM-JFM (E.D. Cal. 2012) (representing a proposed class of people who purchased mislabeled KitchenAid brand refrigerators from Whirlpool Corp., Best Buy, and other retailers.)
- *Dzielak v. Whirlpool Corp., et al.,* Case No. 12-CIV-0089 SRC-MAS (D. N.J. 2011) (representing a proposed nationwide class of purchasers of mislabeled Maytag brand washing machines for misrepresenting the energy efficiency of such washing machines.)
- *In re: Haier Freezer Consumer Litig.,* Case No. 11-CV-02911 EJD (D.N.J. 2011) (representing a proposed class of people who purchased mislabeled freezers from Haier America Trading, LLC and General Electric Company.)
- *In re: Michaels Stores Pin Pad Litig.,* Case No. 1:11-CV-03350 CPK (N.D. Ill. 2011) (representing a nationwide class of persons against Michaels Stores, Inc. for failing to secure and safeguard customers personal financial data.)

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

- *Loreto v. Coast Cutlery Co.*, Case No. 11-3977 SDW-MCA (D.N.J. 2011) (representing a proposed nationwide class of people who purchased knives that were of a lesser quality than advertised.)
- *Rodriguez v. CitiMortgage, Inc.*, Case No. 1:11-cv-04718-PGG-DCF (S.D.N.Y. 2011) (representing a proposed nationwide class of military personnel against CitiMortgage for illegal foreclosures.)
- *Rossi v. The Procter & Gamble Co.*, Case No. 11-CIV-7238 JLL (D.N.J. 2011) (representing a proposed nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste.)
- *In re: Scotts EZ Seed Litigation*, Case No. 7:12-cv-04727-VB (S.D.N.Y. 2012) (representing a proposed class of mulch grass seed products advertised as a superior grass seed product capable of growing grass in the toughest conditions and with half the water.)

## EMPLOYMENT PRACTICES GROUP

Faruqi & Faruqi, LLP is a recognized leader in protecting the rights of employees. The firm's Employment Practices Group is committed to protecting the rights of current and former employees nationwide. The firm is dedicated to representing employees who may not have been compensated properly by their employer or who have suffered investment losses in their employer-sponsored retirement plan. The firm also represents individuals (often current or former employees) who assert that a company has allegedly defrauded the federal or state government.

Faruqi & Faruqi represents current and former employees nationwide whose employers have failed to comply with state and/or federal laws governing minimum wage, hours worked, overtime, meal and rest breaks, and unreimbursed business expenses. In particular, the firm focuses on claims against companies for (i) failing to properly classify their employees for purposes of paying them proper overtime pay, or (ii) requiring employees to work "off-the-clock," and not paying them for all of their actual hours worked.

In prosecuting claims on behalf of aggrieved employees, Faruqi & Faruqi has successfully defeated summary judgment motions, won numerous collective certification motions, and obtained significant monetary recoveries for current and former employees. In the course of litigating these claims, the firm has been a pioneer in developing the growing area of wage and hour law. In *Creely, et al. v. HCR ManorCare, Inc.*, C.A. No. 3:09-cv-02879 (N.D. OH), Faruqi & Faruqi, along with its co-counsel, obtained one of the first decisions to reject the application of the Supreme Court's Fed. R. Civ. P. 23 certification analysis in *Wal-Mart Stores, Inc. v. Dukes et. al.*, 131 S. Ct. 2541 (2011) to the certification process of collective actions brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"). The firm, along with its co-counsel, also recently won a groundbreaking decision for employees seeking to prosecute wage and hour claims on a collective basis in *Symczyk v. Genesis Healthcare Corp. et al.*, No. 10-3178 (3d Cir. 2011). In *Symczyk*, the Third Circuit reversed the district court's ruling that an offer of judgment mooted a named plaintiff's claim in an action asserting wage and hour violations of the FLSA.

6



Notably, the Third Circuit also affirmed the two-step process used for granting certification in FLSA cases. The *Creely* decision, like the Third Circuit's *Genesis* decision, will invariably be relied upon by courts and plaintiffs in future wage and hour actions.

Some of the firm's notable recoveries include *Bazzini v. Club Fit Management, Inc.,* C.A. No. 08-cv-4530 (S.D.N.Y. 2008), wherein the firm settled a FLSA collective action lawsuit on behalf of tennis professionals, fitness instructors and other health club employees on very favorable terms. Similarly, in *Garcia, et al., v. Lowe's Home Center, Inc., et al.,* C.A. No. GIC 841120 (Cal. Sup. Ct. 2008), Faruqi & Faruqi served as co-lead counsel and recovered $1.6 million on behalf of delivery workers who were unlawfully treated as independent contractors and not paid appropriate overtime wages or benefits.

The firm's Employment Practices Group also represents participants and beneficiaries of employee benefit plans covered by the Employee Retirement Income Security Act of 1874 ("ERISA"). In particular the firm protects the interests of employees in retirement savings plans against the wrongful conduct of plan fiduciaries. Often, these retirement savings plans constitute a significant portion of an employee's retirement savings. ERISA, which codifies one of the highest duties known to law, requires an employer to act in the best interests of the plan's participants, including the selection and maintenance of retirement investment vehicles. For example, an employer who administers a retirement savings plan (often a 401(k) plan) has a fiduciary obligation to ensure that the retirement plan's assets (including employee and any company matching contributions to the plan) are directed into appropriate and prudent investment vehicles.

Faruqi & Faruqi has brought actions on behalf of aggrieved plan participants where a company and/or certain of its officers breached their fiduciary duty by allowing its retirement plans to invest in shares of its own stock despite having access to materially negative information concerning the company which materially impacted the value of the stock. The resulting losses can be devastating to employees' retirement accounts. Under certain circumstances, current and former employees can seek to hold their employers accountable for plan losses caused by the employer's breach of their ERISA-mandated duties.

The firm's Employment Practices Group also represents whistleblowers in actions under both federal and state False Claims Acts. Often, current and former employees of business entities that contract with, or are otherwise bound by obligations to, the federal and state governments become aware of wrongdoing that causes the government to overpay for a good or service. When a corporation perpetrates such fraud, a whistleblower may sue the wrongdoer in the government's name to recover up to three times actual damages and additional civil penalties for each false statement made. Whistleblowers who initiate such suits are entitled to a portion of the recovery attained by the government, generally ranging from 15% to 30% of the total recovery.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



False Claims Act cases often arise in context of Medicare and Medicaid fraud, pharmaceutical fraud, defense contractor fraud, federal government contractor fraud, and fraudulent loans and grants. For instance, in *United States of America, ex rel. Ronald J. Streck v. Allergan, Inc. et al.*, No. 2:08-cv-05135-ER (E.D. Pa.), Faruqi & Faruqi represents a whistleblower in an un-sealed case alleging fraud against thirteen pharmaceutical companies who underpaid rebates they were obliged to pay to state Medicaid programs on drugs sold through those programs.

Based on its experience and expertise, the firm has served as the principal attorneys representing current and former employees in numerous cases across the country alleging wage and hour violations, ERISA violations and violations of federal and state False Claims Acts.

## SECURITIES FRAUD LITIGATION

Since its inception over seventeen years ago, Faruqi & Faruqi, LLP has devoted a substantial portion of its practice to class action securities fraud litigation. In *In re Purchase Pro Inc. Securities Litig.*, Master File No. CV-S-01-0483-JLQ (D. Nev. 2001), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $24.2 million settlement in a securities fraud litigation. As noted by Senior Judge Justin L. Quackenbush in approving the settlement, *"I feel that counsel for plaintiffs evidenced that they were and are skilled in the field of securities litigation."*

Other past achievements include; *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members), *In re Mitcham Indus, Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998) (recovered $3 million dollars on behalf of class members despite the fact that corporate defendant was on the verge of declaring bankruptcy), and *Ruskin v. TIG Holdings, Inc.*, C.A. No. 98 Civ. 1068 (S.D.N.Y. 1998) (recovered $3 million dollars on behalf of class members).

Recently, in *Shapiro v. Matrixx Initiatives, Inc.*, Case No. CV-09-1479-PHX-ROS, Faruqi & Faruqi, LLP, as co-lead counsel for the class, defeated defendants' motion to dismiss and succeeded in having the action certified as a class action. Counsel is currently conducting discovery on behalf of class members.

Additionally, Faruqi & Faruqi, LLP is serving as court-appointed counsel for the class in the following cases:

- *Percoco v. Deckers Outdoor Corp.*, No. 1:12-cv-01001-SLR (D. Del.) (sole lead counsel)
- *McGee v. American Oriental Bioengineering, Inc.*, No. 2:12-cv-05476-SVW-SHx (C.D. Cal.) (sole lead counsel)
- *Lauria v. BioSante Pharm., Inc.*, No. 12 C 0771 (N.D. Ill.) (sole lead counsel)
- *Austin v. AEterna Zentaris Inc.*, No. 1:12-Civ-4711-(PKC) (S.D.N.Y.) (sole lead counsel)
- *McIntyre v. Chelsea Therapeutics Int'l, LTD*, Case No. 3:12-CV-213-MOC-DCK (sole lead counsel)

8

---

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



- *In re Carbo Ceramics, Inc. Stock & Options Sec. Litig.*, Case No. 1:12-cv-01034-LLS (S.D.N.Y.) (lead counsel for options investors)
- *In re China Organic Sec. Litig.*, Case No. 1:11-cv-08623-LBS (S.D.N.Y.) (sole lead counsel)
- *In re GLG Life Tech Corp. Sec. Litig.*, Case No. 1:11-cv-09150-BSJ-GWG (S.D.N.Y.) (sole lead counsel)
- *Anghel v. Ebix, Inc.*, Case No. 1:11-cv-02400-RWS (N.D. Ga., Atlanta Division) (sole lead counsel)

# SHAREHOLDER DERIVATIVE LITIGATION

Faruqi & Faruqi, LLP has extensive experience litigating shareholder derivative actions on behalf of corporate entities.  This litigation is often necessary when the corporation has been injured by the wrongdoing of its officers and directors.  This wrongdoing can be either active, such as the wrongdoing by certain corporate officers in connection with purposeful backdating of stock-options, or passive, such as the failure to put in place proper internal controls, which leads to the violation of laws and accounting procedures.  A shareholder has the right to commence a derivative action when the company's directors are unwilling or unable, to pursue claims against the wrongdoers, which is often the case when the directors themselves are the wrongdoers.

The purpose of the derivative action is threefold: (1) to make the company whole by holding those responsible for the wrongdoing accountable; (2) the establishment of procedures at the company to ensure the damaging acts can never again occur at the company; and (3) make the company more responsive to its shareholders.  Improved corporate governance and shareholder responsiveness are particularly valuable because they make the company a stronger one going forward, which benefits its shareholders.  For example, studies have shown the companies with poor corporate governance scores have 5-year returns that are 3 .95% below the industry average, while companies with good corporate governance scores have 5-year returns that are 7.91 % above the industry-adjusted average.  The difference in performance between these two groups is 11 .86%.  *Corporate Governance Study: The Correlation between Corporate Governance and Company Performance*, Lawrence D. Brown, Ph.D., Distinguished Professor of Accountancy, Georgia State University and Marcus L. Caylor, Ph.D. Student, Georgia State University Faruqi & Faruqi, LLP has achieved all three of the above stated goals of a derivative action.  The firm regularly obtains significant corporate governance changes in connection with the successful resolution of derivative actions, in addition to monetary recoveries that inure directly to the benefit of the company.  In each case, the company's shareholders indirectly benefit through an improved market price and market perception.

In *In re UnitedHealth Group Incorporated Derivative Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Judicial Dist. 2009) Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, obtained a recovery of more

9



than $930 million for the benefit of the Company and corporate governance reforms designed to make UnitedHealth a model of corporate responsibility and transparency. *At the time, the settlement reached was believed to be the largest settlement ever in a derivative case*. See "UnitedHealth's Former Chief to Repay $600 Million," Bloomberg.com, December 6, 2007 ("the settlement . . . would be the largest ever in a 'derivative' suit . . . according to data compiled by Bloomberg.").

As co-lead counsel in *Weissman v. John, et al.*, Cause No. 2007-31254 (Tex. Harris County 2008) Faruqi & Faruqi, LLP, diligently litigated a shareholder derivative action on behalf of Key Energy Services, Inc. for more than three years and caused the company to adopt a multitude of corporate governance reforms which far exceeded listing and regulatory requirements.  Such reforms included, among other things, the appointment of a new senior management team, the realignment of personnel, the institution of training sessions on internal control processes and activities, and the addition of 14 new accountants at the company with experience in public accounting, financial reporting, tax accounting, and SOX compliance.

More recently, Faruqi & Faruqi, LLP concluded shareholder derivative litigation in *The Booth Family Trust, et al. v. Jeffries, et al.*, Lead Case No. 05-cv-00860 (S.D. Ohio 2005) on behalf of Abercrombie & Fitch Co.  Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, litigated the case for six years through an appeal in the U.S. Court of Appeals for the Sixth Circuit where it successfully obtained reversal of the district court ruling dismissing the shareholder derivative action in April 2011.  Once remanded to the district court, Faruqi & Faruqi, LLP caused the company to adopt important corporate governance reforms narrowly targeted to remedy the alleged insider trading and discriminatory employment practices that gave rise to the shareholder derivative action.

The favorable outcome obtained by Faruqi & Faruqi, LLP in *In re Forest Laboratories, Inc. Derivative Litigation*, Lead Civil Action No. 05-cv-3489 (S.D.N.Y. 2005) is another notable achievement for the firm.  After more than six years of litigation, Faruqi & Faruqi, LLP, as co-lead counsel, caused the company to adopt industry-leading corporate governance measures that included rigorous monitoring mechanisms and Board-level oversight procedures to ensure the timely and complete publication of clinical drug trial results to the investing public and to deter, among other things, the unlawful off-label promotion of drugs.

## SHAREHOLDER MERGER AND TRANSACTIONAL LITIGATION

Faruqi & Faruqi, LLP places special emphasis on prosecuting shareholder class actions brought nationwide against officers, directors and other parties responsible for corporate wrongdoing. Most of



these cases are based upon state statutory or common law principles involving fiduciary duties owed to investors by corporate insiders as well as Exchange Act violations.

Faruqi & Faruqi, LLP has obtained significant monetary and therapeutic recoveries, including millions of dollars in increased merger consideration for public shareholders; additional disclosure of significant material information so that shareholders can intelligently gauge the fairness of the terms of proposed transactions and other types of therapeutic relief designed to increase competitive bids and protect shareholder value.  As noted by Judge Timothy S. Black of the United States District Court for the Southern District of Ohio in appointing lead counsel *Nichting v. DPL Inc.*, Case No. 3:11-cv-14 (S.D. Ohio), "[a]lthough all of the firms seeking appointment as Lead Counsel have impressive resumes, the Court is most impressed with Faruqi & Faruqi."

As sole class counsel for plaintiffs in *Kajaria v. Cohen*, No. 1:10-CV-03141 (N.D. Ga., Atlanta Div.), Faruqi & Faruqi, LLP, succeeded in having the district court order Bluelinx Holdings Inc., the target company in a tender offer, to issue additional material disclosures to its recommendation statement to shareholders before the expiration of the tender offer.  In *In re Cogent, Inc. Shareholders Litigation*, Consol. C.A. No. 5780-VC (Del. Ch.) Faruqi & Faruqi, LLP, as co-lead counsel obtained a post-close cash settlement of $1.9 million after two years of hotly contested litigation; *In re Bausch & Lomb Inc. Buyout Litig.*, Index No. 07/6384 (N.Y. Supr. Ct., Monroe Cty. 2008) Faruqi & Faruqi, LLP, as co-lead counsel, caused Bausch & Lomb Inc. to disclose to shareholders critical material information concerning its merger with Warburg Pincus LLC and in *Rice v. Lafarge* North *America, Inc., et al.*, No. 268974-V (Montgomery Cty., Md. Circuit Ct.), Faruqi & Faruqi, LLP, as co-lead counsel represented the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at $75.00 per share.  After discovery and intensive injunction motions practice, the price per share was increased from $75.00 to $85.50 per share, or a total benefit to the public shareholders of $388 million.  The Lafarge court gave Class counsel, including Faruqi & Faruqi, LLP, shared credit with a special committee appointed by the company's board of directors for a significant portion of the price increase.

Also, in *In re: Hearst-Argyle Shareholder Litig.*, Lead Case No. 09-Civ-600926 (N.Y. Sup. Ct.) as co-lead counsel for plaintiffs, Faruqi & Faruqi, LLP litigated, in coordination with Hearst-Argyle's special committee, an increase of over 12.5%, or $8,740,648, from the initial transaction value offered for Hearst-Argyle Television Inc.'s stock by its parent company, Hearst Corporation.  Faruqi & Faruqi, LLP, in *In re Alfa Corp. Shareholder Litig.*, Case No. 03-CV-2007-900485.00 (Montgomery Cty, Ala. Cir. Ct.) was instrumental, along with the Company's special committee, in securing an increased share price for Alfa Corporation shareholders of $22.00 from the originally-proposed $17.60 per share offer, which

11



represented over a $160 million benefit to class members, and obtained additional proxy disclosures to ensure that Alfa shareholders were fully-informed before making their decision to vote in favor of the merger, or seek appraisal.

Moreover, in *In re Fox Entertainment Group, Inc. S'holders Litig.*, Consolidated C.A. No. 1033-N (Del. Ch. 2005), Faruqi & Faruqi, LLP, as co-lead counsel, and in coordination with Fox Entertainment Group's special committee, created an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million. Also, in *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) Faruqi & Faruqi, LLP, in coordination with Howmet's special committee, successfully obtained an increased benefit to class members of $61.5 million dollars).

Further, in *Brickell Partners v. Emerging Commns., Inc.*, Civil No. 16415 (Del. Ch. 1998) Faruqi & Faruqi, LLP, in its monitoring role as Class counsel achieved a post-trial settlement on behalf of the Class of $5,596,037.40. After being consolidated with an appraisal hearing, the action was litigated vigorously for over four years, including a six week trial, where Faruqi & Faruqi, LLP in a secondary, monitoring role, represented the Class' interests with primary trial counsel - counsel for the hedge fund Greenlight Capital L.P. After trial the Court returned a verdict in favor of plaintiff. The case established new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.). The decision is now reported as *In re Emerging Commns., Inc. S'holders Litig.*, No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch., May 3, 2004).

Faruqi & Faruqi, LLP, is committed to bringing novel post-close cases seeking damages as a result of an unfair buyout. Faruqi & Faruqi, LLP has handled a number of high profile cases such as *In re Smurfit-Stone Container Corp. S'holder Litig.*, Consol. C.A. No. 6164-VCP (Del. Ch. March 24, 2011); *In re Cogent S'holder Litig.*, C.A. No. 5780-VCP (Del. Ch. 2010); *In re Massey Energy Co. Derivative and Class Action Litig.*, C.A. No, 5430-CS (Del. Ch. 2010); *In re Novell, Inc. S'holder Litig.*, Consol. C.A. No. 6032-VCN (Del. Ch. 2010); *In re Playboy Enterprises, Inc. S'holders Litig.*, Consol. C.A. No. 5632-VCN (Del. Ch. 2010); *In re MFW S'holder Litig.*, Consol. C.A. No. 6566-CS (Del. Ch. 2011); *In re BJ's Wholesale Club, Inc. S'holders Litig.*, Consol. C.A. No. 6623-VCN (Del. Ch. 2011); *In re Morton's Restaurant Group, Inc. S'holder Litig.*, Consol. C.A. No. 7122-CS (Del. Ch. 2011).

12

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



# ATTORNEYS

## NADEEM FARUQI

Mr. Faruqi is Co-Founder and Managing Partner of the firm. Mr. Faruqi oversees all aspects of the firm's practice areas. Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York. In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm. While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991). Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University, Canada (B.Sc. 1981), his Master of Business Administration from the Schulich School of Business, York University, Canada (MBA 1984) and his law degree from New York Law School (J.D., *cum* laude, 1987). Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law. He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

13

NEW YORK  CALIFORNIA  FLORIDA  DELAWARE  PENNSYLVANIA



# LUBNA M. FARUQI

Ms. Faruqi is Co-Founder of Faruqi & Faruqi, LLP.  Ms. Faruqi is involved in all aspects of the firm's practice.  Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.).  She helped to establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999).  Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada.  In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

# MICHAEL J. HYNES

Mr. Hynes is Managing Partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Shareholder Derivative Litigation Department.

Prior to joining Faruqi & Faruqi, Mr. Hynes practiced law at Barroway Topaz Kessler Meltzer & Check, LLP, where he concentrated on shareholder derivative litigation.  Mr. Hynes has served as lead or co-lead counsel in numerous high profile derivative actions relating to the "backdating" of stock options, including *In re Monster Worldwide, Inc. Derivative Litig.*, Index No. 06-108700 (New York County, NY); *In re Barnes & Noble, Inc. Derivative Litig.*, Index No. 06-602389 (New York County, NY); *In re Affiliated Computer Services, Inc. Derivative Litig.*, Cause No. 06-3403 (Dallas County, TX); and *In re Progress Software Corp. Derivative Litig.*, Civil A. No. 07-1937-BLS2 (Suffolk County, MA).  Settlements of these, and similar actions, resulted in significant monetary and corporate governance improvements for those companies and their public shareholders.  He is currently litigating cases involving breaches of fiduciary

14

---

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



duties arising out of the use of improper accounting methods, the payment of excessive compensation to executive officers, violations of the Foreign Corrupt Practices Act, and violations of the False Claims Act.

Prior to joining Barroway Topaz, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation. He was also an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases and obtained jury trial experience.

Mr. Hynes received his law degree from Temple University School of Law (J.D. 1991), and is a graduate of Franklin and Marshall College (1987). Mr. Hynes is licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Eastern and Middle Districts of Pennsylvania.

## DAVID E. BOWER

David E. Bower is Managing Partner of Faruqi & Faruqi, LLP's California office. Mr. Bower has extensive experience in securities class actions, real estate and corporate litigation, and complex commercial litigation matters. Mr. Bower has been in the private practice of law since 1981. Prior to forming his own law firm, Law Offices of David E. Bower, in 1996, Mr. Bower practiced for two years with the law firm Hornberger & Criswell where he supervised and coordinated complex business litigation. From 1989 to 1994, he was a partner with the law firm Rivers & Bower where he handled business, construction, real estate, insurance, and personal injury litigation and business and real estate transactions. From 1984 to 1989, he practiced in the insurance bad faith defense and complex litigation department of the Los Angeles, California based law firm of Gilbert, Kelley, Crowley & Jennett. From 1981 to 1984, he practiced law in New York as a partner with the law firm Boysen, Scheffer & Bower.

Mr. Bower is a graduate of the Mediation Training Program at UCLA and has a certification in Advanced Mediation Techniques. He has presided in over 200 mediations since becoming certified and is currently on the Los Angeles Superior Court Pay Panel of mediators and arbitrators. He is the past Chairman of the Board of Directors of Mental Health Advocacy Services, a non-profit legal services firm in Los Angeles. He is now the President of the Board of A New Way of Life Reentry Project, a non-profit serving ex-convicts seeking reentry into society as productive citizens.

He graduated from State University of New York (at Buffalo) (B.A. 1977) and received his law degree from the Southwestern University School of Law (J.D. 1981). Mr. Bower is admitted to the bar in California and New York.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

## PETER B. ANDREWS

Peter B. Andrews is Managing Partner of Faruqi & Faruqi, LLP's Delaware office. Mr. Andrews joined Faruqi & Faruqi in January of 2013 and has concentrated his legal career representing plaintiffs in securities fraud class actions, shareholder mergers and acquisitions class actions, shareholder derivative actions and corporate governance matters.

Before joining Faruqi & Faruqi LLP, Mr. Andrews practiced with the law firm Grant & Eisenhofer in Delaware, where he actively engaged in litigation before the Delaware Court of Chancery, as well as federal and state courts throughout the country. Highlights of his past representation include: identifying legal flaws in LLC agreement resulting in $20M settlement with oil & gas holding company surrounding merger of LLC back into parent company (*Altas Energy Resources, LLC Unitholder Litigation*, Del. Ch.); representing investors against the directors and officers of a failed telecom company for breaches of fiduciary duty  securing a $7M settlement (*Rahl v. Flag Telecom, Inc.*, S.D.N.Y.); representing public pension funds in opt-out securities litigation against the officers and directors of Enron (*OPERS v. Enron Corp.*, S.D. Tex.); representing former employees of a failed health system in order to secure promised interests in pension benefits (*Burstein v. Allegheny Health System*, E.D. Pa.); and representing a class of former customers against a major cable television provider (*Baldasarri v. Suburban Cable TV Co.* (*Comcast Corporation*)).

Mr. Andrews began his career with a major Philadelphia defense firm where he represented securities brokers and broker-dealers in various disputes, including customer complaint litigation. While practicing in Philadelphia, he also represented clients in regulatory proceedings before the NYSE, NASD, and SEC, and advised clients as to best practices under federal and state insurance and securities laws.

Mr. Andrews is a graduate (1992) of Colby College in Waterville, Maine, and a graduate (1998) of the Dickinson School of Law of the Pennsylvania State University. Upon graduation from law school, Mr. Andrews clerked for the Honorable Alan M. Black of the Court of Common Pleas of Lehigh County, Pennsylvania.

Mr. Andrews is admitted to practice in Delaware and Pennsylvania and numerous federal courts, including the Third Circuit Court of Appeals.

## JUAN E. MONTEVERDE

Mr. Monteverde is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Shareholder Merger and Transactional Litigation Department.  Mr. Monteverde has concentrated his legal

16

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



career advocating shareholder rights and has appeared before the Delaware Chancery Court on numerous occasions on behalf of shareholders in mergers and acquisitions class actions.

Before joining Faruqi & Faruqi, LLP, Mr. Monteverde gained extensive experience litigating over 50 mergers and acquisitions class actions from inception to conclusion.  In particular, Mr. Monteverde acted as lead counsel or co-lead counsel for shareholders in *In re Bear Stearns Litigation*, Index No. 600780/08 (N.Y. Sup. Ct. 2008) (challenging acquisition of Bear Stearns for $2.00 per share by JP Morgan, price increased to $10.00 per share); *Sullivan v. Gorog, et al.*, Case Number BC398258 (Cal. Super. Ct. 2008) (prosecution of preliminary injunction seeking to enjoin tender offer by Best Buy Co. Inc. of Napster, Inc., resulting in post-tender offer settlement for the enlargement of appraisal rights of Napster shareholders); *In re Metavante Shareholder Litigation*, Consolidated Case No. 09-cv-5325 (Wis. Cir. Ct. 2009) (obtained significant supplemental disclosures to shareholders to enable an informed vote regarding the acquisition of Metavante by Fidelity); *In re Candela Corporation Shareholders Litigation*, Lead Civil Action No. 09-4092-BLS1 (Mass. Sup. Ct. 2009) (obtaining settlement of additional disclosures pertaining to the acquisition of Candela Corporation by Syneron Medical Ltd. and reformation of merger agreement to reduce termination fee by approximately 20%); and *Ubaney v. Rubinstein, et al.*, Civil Action No. 5459-VCL (Del. Ch. Ct. 2010) (obtaining supplemental disclosures in connection with the acquisition of Palm, Inc., including complete disclosure of Palm Inc.'s financial projections and free cash flows for 2010 through 2015).

At Faruqi & Faruqi, LLP, Mr. Monteverde continues to protect shareholder rights.  He has acted as lead counsel or co-lead counsel in: *In re Cogent, Inc. Shareholders Litigation*, Consol. C.A. No. 5780-VC (Del. Ch.)(obtaining post-close cash settlement of $1.9 million after two years of hotly contested litigation); *In re Valeant Pharmaceuticals International Shareholders Litigation*, Consolidated Case No. 5644-VCS (Del. Ch. Ct. 2010) (negotiating significant supplemental disclosures regarding the acquisition of Valeant by Biovail); *In re Cogent Shareholder Litigation*, CA No. 5780-VCP(Del. Ch. Ct. 2010) (prosecuting preliminary injunction as well as continuing to litigate action zealously post-closing of merger) and *McGowan v. ICx Technologies, Inc., et al.*, C.A. No. 1:10CV1013 (E.D. Va. 2010) (achieving a class action settlement for additional disclosures pertaining to the tender offer of ICX Technologies, Inc. and extending the appraisal rights period for ICX Technologies shareholders by 20 days).

Mr. Monteverde has taught a New York CLE course regarding the financial and legal fundamentals underlying the valuation of mergers and acquisitions of publicly traded companies, Valuations Issues in Mergers and Acquisitions, October 20, 2010. Mr. Monteverde has also been a panel speaker in the session for "Don't Get Caught in the Past" at the 2011 Corporate Counsel CLE Seminar in Naples, Florida, where he discussed the current corporate governance developments in the mergers and



acquisitions law practice and new trends in corporate governance law and practice at the start of the new decade.

Mr. Monteverde graduated from California State University of Northridge (B.S. Finance 2002) and St. Thomas University School of Law (J.D., *cum laude,* 2006).  While at St. Thomas University School of Law, Mr. Monteverde was a staff editor of law review and the president of the law school newspaper.  Mr. Monteverde is admitted to practice in the courts of New York, the United States District Court for the Southern District of New York and Eastern District of New York, Eastern District of Wisconsin, District of Colorado and Seventh Circuit for the United States Court of Appeals.

## ANTONIO VOZZOLO

Antonio Vozzolo is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Consumer Fraud Litigation Department.  Mr. Vozzolo's practice focuses on representing individuals and institutional investors seeking redress for financial and consumer fraud

Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.,* Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., for federal securities laws violations, culminating in a $24.2 million settlement.

Mr. Vozzolo's other notable cases are *Thomas v. Global Vision Products,* Case No. RG-03091195 (Cal. Super. Ct., Alameda Cty.) (representing certified class of California consumers for false and misleading advertising claims regarding Avacor hair restoration product; $37 million jury verdict for the first trial, $50 million jury verdict for separate trial against two of the remaining directors and officers); *In re: HP Power-Plug Litigation,* Case No. 06-1221 (N.D. Cal.) (representing a proposed nationwide class of persons who purchased defective laptops; cash payment up to $650.00, or in the alternative, a repair free-of-charge); *Delre v. Hewlett-Packard Co.,* C.A. No. 3232-02 (N.J. Super. Ct. 2002) (representing a proposed nationwide class of persons for false and misleading advertising claims regarding capabilities of model 100i DVD writers; recovery included replacement of the 100i writer with upgraded, second generation 200i DVD writer and a refund of the $99 defendant had previously charged consumers to upgrade from the 100i to the 200i).

Mr. Vozzolo graduated, *cum laude,* from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995.  He is a graduate of Brooklyn Law School (J.D. 1998).  Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



## KENDALL S. ZYLSTRA

Mr. Zylstra is a partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Antitrust Litigation Department.

Mr. Zylstra has spent the last several years focusing on antitrust class actions challenging practices such as unfair trade practices, national price-fixing claims, monopolies, and the delayed-generic entry pharmaceutical cases

Prior to joining the Firm, Mr. Zylstra represented victims of human radiation experiments from the Cold War Era. He was significantly responsible for litigating two mass actions, which settled for nearly $5 million and played a significant role in winning a reversal of summary judgment in *Bibeau, et al. v. Pacific Northwest Research Foundation, et al.*, 188 F. 3d 1005 (9th Circ. 1999).

For over five years, Mr. Zylstra was the Head of the Antitrust Department at a notable plaintiff's class action litigation firm, and developed a portfolio of antitrust cases, including gasoline dealer-franchises suing large oil companies for unfair trade practices; representing medical device wholesalers and distributors asserting antitrust claims against monopolists; and representing two internet companies in a litigation asserting vertical price fixing claims against a giant retailer and its co-conspirator manufacturers.

Mr. Zylstra graduated from Calvin College in 1987 with a Bachelor of Arts and from Temple University School of Law (J.D. 1991) where he received the *Temple Law Alumni/ae Award* for Moot Court Excellence. Mr. Zylstra was an Assistant District Attorney in Philadelphia, PA between 1991-1996, where he gained extensive trial experience in the prosecution of hundreds of cases primarily involving cases of sexual assault.

## PETER KOHN

Mr. Kohn is a partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Antitrust Litigation Department. Prior to joining the firm, Mr. Kohn was a shareholder at Berger & Montague, P.C. Over the past decade, Mr. Kohn has prepared for trial several noteworthy lawsuits under the Sherman Act, including *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220M settlement), *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278 (E.D. Mich.) ($110M settlement), *In re Hypodermic Products Antitrust Litigation*, No. 05-1602 (D.N.J.) ($45M settlement preliminarily approved), *Meijer, Inc. v. Warner-Chilcott*, No. 05-2195 (D.D.C.) ($22M settlement), *In re Metoprolol Succinate Antitrust Litigation*, No. 06-52 (D. Del.) ($20M settlement); *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.) ($175M settlement), *In re Remeron Direct Purchaser Antitrust*

19



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

*Litigation*, No. 03-cv-0085 (D.N.J.) ($75M settlement), *Rochester Drug Co-Operative, Inc. v. Braintree Labs.*, No. 07-142 (D. Del.) ($17.25M settlement); *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($72.5M settlement), *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250M settlement), and *In re Wellbutrin XL Antitrust Litigation*, No. 08-cv-2431 (E.D. Pa.) ($37.5M partial settlement).  The court appointed him as co-lead counsel for the plaintiffs in *In re Pennsylvania Title Ins. Antitrust Litig.*, No. 08cv1202 (E.D. Pa.) (action on behalf of direct purchasers of title insurance alleging illegal cartel pricing under § 1 of the Sherman Act).  In addition to monopolization and market allocation cases, Mr. Kohn has prosecuted cases involving resale price maintenance, tying and exclusive dealing.  Currently, he is actively preparing several generic pharmaceutical competition cases for trial, including ones concerning the branded drugs Androgel, Doryx, Effexor, Lipitor, Nexium, Prandin, Provigil, Skelaxin, Suboxone, and Wellbutrin XL, in addition to actions involving tying in the cable television industry and exclusive dealing in the sale of truck transmissions.

A sampling of Mr. Kohn's reported cases in the antitrust arena includes *In re Hypodermic Products Antitrust Litigation*, 484 Fed. Appx. 669 (3d Cir. 2012) (issue of direct purchaser standing under *Illinois Brick*); *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116 (9th Cir. 2008) (issue of direct purchaser standing under *Illinois Brick*); *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 558 F. Supp.2d 575 (E.D. Pa. 2008) (denying defendants' motion to dismiss following the Supreme Court's decisions in *Twombly* and *Leegin*, and for the first time in the Third Circuit adopting the Merger Guidelines method of relevant market definition); *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, 485 F.3d 880 (6th Cir. 2007) (affirming summary judgment in exclusionary contracting case); and *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 458 F. Supp.2d 263 (E.D. Pa. 2006) (discoverability of surreptitiously recorded statements prior to deposition of declarant).

Mr. Kohn is a 1989 graduate of the University of Pennsylvania (B.A., English) and a 1992 *cum laude* graduate of Temple University Law School, where he was senior staff for the *Temple Law Review* and received awards for trial advocacy.  Mr. Kohn was recognized as a "recommended" antitrust attorney in the Northeast in 2009 by the Legal 500 guide (www.legal500.com) and was chosen by his peers as a "SuperLawyer" in Pennsylvania in 2009, 2010, 2011, and 2012.  In 2011, Mr. Kohn was selected as a Fellow in the Litigation Counsel of America, a trial lawyer honorary society composed of less than one-half of one percent of American lawyers.  He is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States District Court for the Eastern District of Pennsylvania (1995-present), the United States District Court for the Eastern District of Michigan (2010-present), the United States Court of Appeals for the Third Circuit (2000-present), the United States Court of Appeals for

20

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

the Sixth Circuit (2005-present), and the United States Court of Appeals for the Federal Circuit (2011-present).

# RICHARD W. GONNELLO

Richard W. Gonnello is a partner in the Firm's New York office and Chair of the firm's Securities Fraud Litigation Department.   Mr. Gonnello focuses his practice on shareholder litigation and class actions.

Prior to joining the firm, Mr. Gonnello was a partner at Entwistle & Cappucci LLP and an associate at Latham & Watkins LLP.  Mr. Gonnello has represented institutional and individual investors in obtaining substantial recoveries in numerous class actions, including *In re Royal Ahold Sec. Litig.*, No. 03-md-01539 (D. Md. 2003) ($1.1 billion) and *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (S.D.N.Y. 2011) ($100 million+).  Mr. Gonnello has also obtained favorable recoveries for institutional investors pursuing direct securities fraud claims, including cases against *Qwest Communications International, Inc.* ($175 million+) and *Tyco Int'l Ltd* ($21 million).

Mr. Gonnello has co-authored the following articles:  *"'Staehr' Hikes Burden of Proof to Place Investor on Inquiry Notice*, "New York Law Journal, December 15, 2008; and "*Potential Securities Fraud: 'Storm Warnings' Clarified*," New York Law Journal, October 23, 2008.

Mr. Gonnello graduated *summa cum laude* from Rutgers University in 1995, where he was named Phi Beta Kappa.  He received his law degree from UCLA School of Law (J.D. 1998), and was a member of the UCLA Journal of Environmental Law & Policy.

# BETH A. KELLER

Ms. Keller is a partner in Faruqi & Faruqi, LLP's New York office and Co-Chair of the firm's Shareholder Derivative Litigation Department.  Her practice focuses on shareholder derivative litigation and securities class actions in federal and state court.

Since joining Faruqi & Faruqi, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelors of Arts in

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



Political Science and English and from the State University of New York at Buffalo Law School in 2002. Ms. Keller participated in the Desmond Moot Court Competition while at law school. She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts for the Southern, Eastern and Western Districts of New York.

## JACOB A. GOLDBERG

Mr. Goldberg is partner of Faruqi & Faruqi, LLP's Pennsylvania office. Mr. Goldberg has concentrated his legal career in all facets of complex commercial litigation in the federal and state courts.

Prior to joining the firm as a partner, Mr. Goldberg was a partner at Berger & Montague, P.C. and Schiffrin & Barroway, LLP. In 2004, he formed his own firm where he focused on commercial disputes, including theft of trade secrets, theft of business plan and breaches of contract while continuing to litigate cases involving violations of fiduciary duties, consumer protection laws, and the federal securities laws.

Among Mr. Goldberg's most notable cases are *In Re New America High Income Fund Secs. Litig.* (D. Mass 1990) (alleged false and misleading prospectus for junk bond fund; $2.5 million settlement); *Rosenthal v. Dean Witter Reynolds, Inc.*, (Colo. Dist. Ct. 18th Jud. Dist. 1991); *In re IKON Office Solutions Secs. Litig.*, No. 98-04286 (E.D. P.A. 1998) (alleged complex accounting fraud involving manipulation of reserves; $111 million settlement); *In re Creditrust Corp. Secs. Litig.* (D. Md. 2000) (alleged complex accounting fraud, relating to predicting financial results for securitized debt and adequately assessing gains on sales); *In re Scholastic, Inc. Secs. Litig.* (S.D. N.Y 1997) (alleged false financial projections and inadequate reserves; $7 million settlement); *Cohen v. Mirage Resorts, Inc.*, 119 Nev. Adv. Op. No. 1 (Feb. 7, 2003) (Nevada Supreme Court reversed dismissal of shareholder action related to fair value of shares in a freeze out merger); *In re QuadraMed, Inc. Secs. Litig.*, No. 02-04770 (N.D. Cal. 2002) (alleged manipulation of revenue and new management and auditor cover-up; $5.25 million settlement); and *Studer v. Heng Fung Holdings* (D. Colo. 2002) (derivative lawsuit, alleging the stripping of company assets to a related entity; approximately $1.75 million settlement).

Mr. Goldberg graduated from Columbia University (B.A. 1988) and Temple University School of Law (J.D., *cum laude*, 1992) and practices from the Philadelphia area. He is admitted before all courts in the Commonwealth of Pennsylvania and to the United States Supreme Court, the United States Courts of Appeal for the Third and Fourth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Central District of Illinois, and District of Colorado. His admission to the Bar of the State of New York is pending. Mr. Goldberg is a dual citizen of the United States of America and the Republic of Ireland.

22

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



## ADAM R. GONNELLI

Mr. Gonnelli is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Employment Practices Group.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on wage and hour litigation, transaction litigation and consumer class actions.   Representative cases include *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997.   At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President.   Prior to attending law school, Mr. Gonnelli was a Financial Writer at the Federal Reserve Bank of New York, where he wrote educational materials on international trade and monetary policy.   While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

## GERALD D. WELLS, III

Gerald D. Wells, III is a partner in Faruqi & Faruqi, LLP's Pennsylvania office.

Mr. Wells has substantial experience in prosecuting class actions on behalf of aggrieved employees and consumers.   This experience includes ERISA class actions, which involve claims against fiduciaries of a company's 401k plan for making imprudent investments. Mr. Wells has spoken at ERISA conferences on such topics as fiduciary liability and developments in ERISA jurisprudence. In addition, he has significant experience in litigating state and federal wage and hour claims against companies for failing to either (i) properly classify its employees or (ii) requiring employees to work "off-the-clock."   He has been counsel of record in numerous notable decisions including, most recently, the action styled *Symczyk v. Genesis Healthcare Corp. et al.*, No. 10-3178 (3d Cir. 2011).   In *Symczyk,* the Third Circuit enunciated the process for conditional certification of wage claims in the Third Circuit and overturned a lower court's decision to dismiss the employee's claims on grounds of mootness.   656 F.3d 189 (3d Cir. 2011).

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

Prior to joining the firm, he served as class counsel in such cases as *In re Bristol-Myers Squibb ERISA Litig.*, No. 02-cv-10129 (S.D.N.Y.) (settlement of ERISA claims of 40,000 class members for $41.22 million plus structural plan changes valued at up to $52 million); *Weaver v. Edward D. Jones & Co., L.P.*, Nos. 08-cv-529, 08-cv-540 (N.D. Ohio) (settlement of state and federal wage and hour claims for up to $19 million); *In re Janney Montgomery Scott Financial Consultant Litig.*, No. 06-cv-3202 (E.D. Pa.) (settlement of state and federal wage and hour claims for up to $2.88 million). His experience and expertise in wage and hour litigation is well recognized, having been chosen to speak at a conference on recent developments in the field of wage and hour law.

Mr. Wells is a graduate of both Temple University and Temple University School of Law (J.D. 2001). While in law school, he served as the Symposium Editor for the Environmental Law & Technology Journal. Mr. Wells is licensed to practice law in Pennsylvania, New Jersey, and California. In addition, Mr. Wells is admitted to practice before the United States Courts of Appeals for the Third, Eighth, Ninth, and Eleventh Circuits, the United States District Courts for the Eastern District of Pennsylvania, Eastern District of Michigan, Northern District of Illinois, Northern, Southern, Central and Eastern Districts of California and the District Court of New Jersey.

## JOSEPH T. LUKENS

Mr. Lukens is a partner in Faruqi & Faruqi, LLP's Pennsylvania office.

Mr. Lukens was a shareholder at the Philadelphia firm of Hangley Aronchick Segal Pudlin & Schiller, where he represented large retail pharmacy chains as opt-out plaintiffs in numerous lawsuits under the Sherman Act. Among those lawsuits were *In re Brand Name Prescription Drugs Antitrust Litigation* (MDL 897, N.D. Ill.), *In re Terazosin Hydrochloride Antitrust Litigation* (MDL 1317, S.D. Fla.), *In re TriCor Direct Purchaser Antitrust Litigation* (05-605, D. Del.), *In re Nifedipine Antitrust Litigation* (MDL1515, D.D.C.), *In re OxyContin Antitrust Litigation* (04-3719, S.D.N.Y), and *In re Chocolate Confectionary Antitrust Litigation* (MDL 1935, M.D. Pa.). While the results in the opt-out cases are confidential, the parallel class actions in those matters which are concluded have resulted in settlements exceeding $1.1 billion.

Earlier in his career, Mr. Lukens concentrated in commercial and civil rights litigation at the Philadelphia firm of Schnader, Harrison, Segal & Lewis. The types of matters that Mr. Lukens handled included antitrust, First Amendment, contracts, and licensing. Mr. Lukens also worked extensively on several notable *pro bono* cases including *Commonwealth v. Morales*, which resulted in a rare reversal on a second post-conviction petition in a capital case in the Pennsylvania Supreme Court.



**FARUQI & FARUQI**
ATTORNEYS AT LAW

Mr. Lukens graduated from LaSalle University (B.A. Political Science, *cum laude*, 1987) and received his law degree from Temple University School of Law (J.D., *magna cum laude*, 1992) where he was an editor on the *Temple Law Review* and received several academic awards. After law school, Mr. Lukens clerked for the Honorable Joseph J. Longobardi, Chief Judge for the United States District Court for the District of Delaware (1992-93). Mr. Lukens is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States Supreme Court (1996-present); the United States District Court for the Eastern District of Pennsylvania (1993-present), the United States Court of Appeals for the Third Circuit (1993-present), and the United States Court of Appeals for the District of New Jersey (1994-present).

Mr. Lukens has several publications, including: *Bringing Market Discipline to Pharmaceutical Product Reformulations*, 42 Int'l Rev. Intel. Prop. & Comp. Law 698 (September 2011) (co-author with Steve Shadowen and Keith Leffler); *Anticompetitive Product Changes in the Pharmaceutical Industry*, 41 Rutgers L.J. 1 (2009) (co-author with Steve Shadowen and Keith Leffler); *The Prison Litigation Reform Act: Three Strikes and You're Out of Court — It May Be Effective, But Is It Constitutional?*, 70 Temp. L. Rev. 471 (1997); *Pennsylvania Strips The Inventory Search Exception From Its Rationale — Commonwealth v. Nace*, 64 Temp. L. Rev. 267 (1991).

# JAN R. BARTELLI

Jan R. Bartelli is a partner in Faruqi & Faruqi, LLP's New York office. Prior to joining the firm, she was a partner at Garwin Gerstein & Fisher LLP, where she and her partners represented plaintiffs as lead or co-lead counsel in complex antitrust, securities, and employment discrimination class actions.

Representative cases include *In re: Marine Hose Antitrust Litigation* (S.D.Fla.); *In re Ciprofloxacin Antitrust Litigation* (E.D.N.Y.); *In re Terazosin Hydrochloride Antitrust Litigation* (S.D.Fla.), *In re Cardizem CD Antitrust Litigation* (E.D.Mich), and *Employees Committed for Justice v. Eastman Kodak Company* (W.D.N.Y.). At Faruqi & Faruqi, Ms. Bartelli will practice primarily in the area of antitrust law.

Ms. Bartelli received her law degree from Brooklyn Law School in 1997 and her undergraduate degree from Syracuse University. At Brooklyn Law School, she served as Articles Editor of the Brooklyn Law Review. She was a member of the Moot Court Society and a co-author of the Jerome Prince Evidence Competition.

She is a member of the Bar of New York, and is admitted to the District Courts for the Eastern, Southern and Western Districts of New York.

Prior to entering law school, Ms. Bartelli worked for several years as a newspaper reporter, primarily covering the courts in New Jersey.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

## LAWRENCE B. COHEN

Lawrence B. Cohen is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.   He concentrates his practice in the area of antitrust class action litigation.

Mr. Cohen brings a unique perspective to Faruqi & Faruqi, having spent over twenty years as an executive in the sports and entertainment industry.   He has held senior level sales and marketing positions at the Anaheim Angels (MLB), The Mighty Ducks of Anaheim (NHL), Tickets.com, and the Philadelphia 76ers (NBA).   Mr. Cohen has also served as a sports marketing consultant as well as an adjunct professor in sport management at the University of San Francisco and Drexel University.

Mr. Cohen is a graduate of Temple University School of Law (J.D., *cum laude*, 1996).   He also holds a Master's degree in Sport Management from the University of Massachusetts (1989) and a Bachelor of Arts degree in English from Franklin and Marshall College (1987).   Mr. Cohen is licensed to practice law in Pennsylvania.

## NEILL CLARK

Mr. Clark is an associate in Faruqi and Faruqi, LLP's Pennsylvania office and practices in the antitrust litigation department.  Before joining the firm, Mr. Clark was an associate at Berger & Montague, P.C. where he was significantly involved in prosecuting antitrust class actions on behalf of direct purchasers of brand name drugs and charging pharmaceutical manufacturers with illegally blocking the market entry of less expensive competitors.

Eight of those cases have resulted in substantial settlements totaling over $950 million: *In re Cardizem CD Antitrust Litig.* settled in November 2002 for $110 million; *In re Buspirone Antitrust Litig.* settled in April 2003 for $220 million; *In re Relafen Antitrust Litig.* settled in  February 2004 for $175 million; *In re Platinol Antitrust Litig.* settled in November 2004 for $50 million; *In re Terazosin Antitrust Litig.* settled in April 2005 for $75 million; *In re Remeron Antitrust Litig.* settled in November 2005 for $75 million; *In re Ovcon Antitrust Litig.* settled in 2009 for $22 million; and *In re Tricor Direct Purchaser Antitrust Litig.* settled in April 2009 for $250 million.

Mr. Clark was also principally involved in a case alleging a conspiracy among hospitals and the Arizona Hospital and Healthcare Association to depress the compensation of per diem and traveling nurses, *Johnson et al. v. Arizona Hospital and Healthcare Association et al.*, No. CV07-1292 (D. Ariz.).

Mr. Clark was selected as a "Rising Star" by Pennsylvania Super Lawyers and listed as one of the Top Young Lawyers in Pennsylvania in the December 2005 edition of Philadelphia Magazine.  Two cases in which he has been significantly involved have been featured as "Noteworthy Cases" in the

26



FARUQI & FARUQI LLP
ATTORNEYS AT LAW

NATIONAL LAW JOURNAL articles, "The Plaintiffs' Hot List" (*In re Tricor Antitrust Litig.* October 5, 2009 and *Johnson v. Arizona Hosp. and Healthcare Ass'n.*, October 3, 2011).

Mr. Clark graduated cum laude from Appalachian State University in 1994 and from Temple University Beasley School of Law in 1998, where he earned seven "distinguished class performance" awards, an oral advocacy award and a "best paper" award.

## STEPHEN E. CONNOLLY

Mr. Connolly is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.

Mr. Connolly has focused his career as an attorney in the areas of complex commercial litigation, including class action securities fraud and antitrust litigation.

He received his law degree for the Villanova University School of Law (J.D. 2000) and received a Bachelor of Science from Penn State University (1997).

## ROBERT J. GRAY

Mr. Gray is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.

Prior to joining Faruqi & Faruqi, Mr. Gray practiced law at Barroway Topaz Kessler Meltzer & Check, LLP, where he concentrated his practice on complex litigation, including prosecuting class actions on behalf of consumers and employees nationwide. Mr. Gray has extensive experience in litigating wage and hour claims under the Federal Fair Labor Standards Act ("FLSA") and analogous state wage and hour laws. Mr. Gray has served as Class Counsel in numerous nationwide class actions on behalf of employees including: *In re Staples Inc. Wage and Hour Employment Practices Litigation*, No. 08-5746 (D. NJ) (settlement of federal and state wage claims up to $42,000,000); *Curry v. J.P. Morgan Chase & Co., et al*, No. 07-06149 (N.D. IL) (settlement of federal and state wage claims up to $5,000,000); *In re Janney Montgomery Scott Financial Consultant Litig.*, No. 06-cv-3202 (E.D. Pa.) (settlement of state and federal wage and hour claims for up to $2.88 million.). Mr. Gray also has experience in prosecuting ERISA class actions, which involve claims against fiduciaries of a company's 401k plan for making imprudent investments.

Mr. Gray received his law degree from Temple University School of Law (2000), and is a graduate of La Salle University (1990) (B.S. Accounting/Finance). He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to beginning his legal career, Mr. Gray worked as a forensic accountant for six years, conducting a variety of investigations for numerous governmental agencies and law firms. He received his CPA license in 1997.

27



## CHRISTOPHER MARLBOROUGH

Mr. Marlborough is an associate in Faruqi & Faruqi, LLP's New York office.  Since joining Faruqi & Faruqi, LLP, Mr. Marlborough has actively participated in such cases as:  *Brocade Commc'ns Sys., Inc. Derivative Litig.*, No. C05-02233 (N.D. C.A.) (for damages to company as a result of backdating employee stock options) and *Thomas v. Global Vision Prods., Inc.*, No. RG03-091195 (Cal. Sup. Ct.) (consumer class action for the false and misleading advertising of the Avacor hair care system).  Mr. Marlborough's practice focuses on shareholder litigation and securities class actions in federal and state court as well as consumer fraud cases concerning unfair business practices and false and misleading advertising.

Mr. Marlborough earned a Bachelor of Arts from the State University of New York at Purchase (*magna cum laude*, 1991) and a J.D. from Brooklyn Law School (*magna cum laude*, 2003).  As an undergraduate, Mr. Marlborough was a President's Merit Scholar and on the Dean's List.  In law school, he was a member of the Brooklyn Law School Journal of Law and Policy and the Jerome Prince Memorial Evidence Competition, Moot Court Writing Team.  He was also an Edward V. Sparer Public Interest Fellow and a Judge Moses M. Weinstein Scholar.  He authored "Evolution, Child Abuse and the Constitution" which was published in the spring 2003 edition of the Brooklyn Law School Journal of Law and Policy.  Mr. Marlborough is admitted to practice in the courts of New York, New Jersey and Florida, as well as the United States District Courts for the Eastern and Southern Districts of New York, the United States District Court for the Southern District of Florida, the United States District Court for the District of New Jersey and the Supreme Court of the United States.

## RICHARD SCHWARTZ

Richard Schwartz is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Schwartz has been involved extensively in the firm's antitrust, merger, and derivative practice areas.  Presently, Mr. Schwartz is a member of the teams prosecuting *Babyage.com, Inc., et al. v. Toys "R" Us, Inc.* and *In re Blood Reagents Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago in 2004 (J.D.).  While in law school, Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago and as a summer associate with the Chicago law firm Robinson Curley & Clayton P.C.  Since law school, Mr. Schwartz has been a commercial litigator in New York and Pennsylvania.

Mr. Schwartz is a member of the bars of the State of New York (2005-present), Commonwealth of Pennsylvania (2010-present), the United States District Court for the Southern District of New York (2006-present), the United States District Court for the Eastern District of New York (2007-present), the United



**FARUQI & FARUQI**
ATTORNEYS AT LAW

States District Court for the Northern District of New York (2008-present), the United States Court of Appeals for the Second Circuit (2010-present) and the United States District Court for the Eastern District of Pennsylvania (2011-present).

## LINDSAY ROSELER

Lindsay Roseler is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Ms. Roseler specializes in shareholder derivative litigation and mergers & acquisitions class action litigation.

Prior to joining Faruqi & Faruqi, Ms. Roseler was an attorney in the Wilmington, DE office of Grant & Eisenhofer, PA where she gained extensive experience in securities class actions, corporate litigation, false claims act litigation, and antitrust litigation.  During her six year tenure at Grant & Eisenhofer, Ms. Roseler was actively involved in representing shareholders in corporate litigation, including *In re ACS Shareholder Litigation* ($69 million class recovery) and *In re Delphi Financial Group Shareholder Litigation* ($49 million class recovery).  Also while at Grant & Eisenhofer, Ms. Roseler represented institutional investors in large complex securities class actions such as *In re Parmalat Securities Litigation*, and *In re Delphi Corp. Securities Litigation*.

Ms. Roseler received her law degree from Syracuse University College of Law (J.D. 2005), where she was a member of the Syracuse Journal of International Law and Commerce.  She is a Certified Mediator and has trained in International Business Mediation and Alternative Dispute Resolution.

Ms. Roseler received a B.A. in International Relations and Diplomacy with a minor in International Business Administration from Schiller International University in Europe.  While in Europe, she worked for the United States Commercial Department in Madrid, Spain and for the United States Military in London, England and Heidelberg, Germany.  Upon graduation, Ms. Roseler returned to the United States and worked with a world renowned international development foundation before pursuing her legal education. She is fluent in German and has advanced knowledge of Spanish.

## DAVID P. DEAN

David P. Dean is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Dean concentrates his practice in complex commercial litigation, including shareholder derivative actions, merger and acquisition litigation, qui tam cases, and consumer class actions. Prior to joining Faruqi & Faruqi, LLP, Mr. Dean was a commercial litigator with Deeb Blum Murphy Frishberg & Markovich, PC. Mr. Dean began his career at the Miami-Dade County Public Defender's Office, where he conducted more than thirty jury and bench trials in felony and misdemeanor cases.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



Mr. Dean earned his law degree from New York University School of Law (J.D., *magna cum laude*, 2006), and is a graduate of Wesleyan University (B.A., Government, High Honors, 1999). While in law school he served as a notes editor for the NYU Law Review, and gained clinical and internship experience with the Federal Defenders of New York, the New York Office of the Appellate Defender, the Louisiana Capital Assistance Center, and the Kentucky Department of Public Advocacy's Capital Post-Conviction Unit.

Mr. Dean is licensed to practice law in Pennsylvania and Florida, and has been admitted to practice in the United States District Court for the Eastern District of Pennsylvania.

## FRANCIS P. McCONVILLE

Mr. McConville is an associate in Faruqi & Faruqi, LLP's New York office. Mr. McConville concentrates his practice on complex civil litigation with a focus on securities and shareholder class action litigation. Prior to joining the firm, Mr. McConville was an associate at Entwistle & Cappucci LLP.

Mr. McConville has represented institutional and individual investors in obtaining substantial recoveries in numerous class actions involving federal and state securities laws and fiduciary duties of corporate officials. Mr. McConville also counseled corporate clients in federal and state court in a wide range of commercial disputes.

Mr. McConville graduated from the University of Notre Dame (B.A., History and Political Science, 2005) and New York Law School (J.D., *magna cum laude*, 2008). While at New York Law School, Mr. McConville served as the Associate Managing Editor of the *New York Law School Law Review*. Mr. McConville is licensed to practice law in the State of New York and admitted to the United States District Courts for the Eastern and Southern Districts of New York.

## LIGAYA HERNANDEZ

Ligaya Hernandez is an associate in Faruqi & Faruqi, LLP's Pennsylvania office. Ms. Hernandez specializes in shareholder derivative litigation. Prior to joining Faruqi & Faruqi, LLP, Ms. Hernandez was an associate with Kessler Topaz Meltzer & Check, LLP where she concentrated her practice on shareholder derivative litigation.

Ms. Hernandez received her J.D. and a Health Law Certificate from Loyola University Chicago in 2009. While in law school she served as Senior Editor for the Annals of Health Law Journal and received the CALI Award for highest grade in Appellate Advocacy. Ms. Hernandez received a Master in Health Services Administration in Health Policy from The George Washington University and a Bachelor of Science degree in Biology from the University of Pittsburgh. She is licensed to practice law in

30



Pennsylvania and New Jersey and is admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

## CRAIG J. SPRINGER

Craig J. Springer is an associate in Faruqi & Faruqi, LLP's Delaware office. Mr. Springer focuses his practice on shareholder merger and transaction litigation.

Mr. Springer graduated from the University of Delaware (B.A. Political Science, 2006) and Widener University School of Law (J.D., *cum laude*, 2009). Mr. Springer was recipient of the Raymond J. Locke Professional Achievement Award and was the Managing Editor of Widener's law review, the Delaware Journal of Corporate Law. As Managing Editor, Mr. Springer was published as a student where he authored *Weissman v. NASD*: *Piercing the Veil of Absolute Immunity of an SRO Under the Securities Exchange Act of 1934*, 33 Del. J. Corp. L. 451 (2009), and received the Donald E. Pease Award for his published works.

Craig began his legal career clerking for the Honorable Kevin Gross (now Chief Judge) in the United States Bankruptcy Court for the District of Delaware. Upon completion of his clerkship, Mr. Springer was an attorney at a New York law firm, practicing in the commercial litigation department representing large financial institutions and hedge funds.

Before joining the firm, Craig was an attorney at a corporate bankruptcy and commercial litigation boutique law firm in Wilmington, Delaware.

Mr. Springer is admitted to practice law in Delaware, New York and New Jersey.

## BARBARA A. ROHR

Barbara A. Rohr is an associate in Faruqi & Faruqi, LLP's California office.

Prior to joining Faruqi & Faruqi, Ms. Rohr practiced civil and employment litigation at Walsh & Associates, APC, and for the City of Los Angeles. Ms. Rohr also gained valuable work experience as a human resources professional in the entertainment industry for six years before attending law school.

Ms. Rohr graduated from Southwestern Law School (J.D., 2010) and Arizona State University (B.A., Psychology and Broadcast Journalism, 1996). In 2010, Ms. Rohr was recognized for earning the highest grade in Sales at Southwestern Law School and received the Los Angeles County Bar Association's Jeffrey S. Turner Outstanding Commercial Law Student award.

Ms. Rohr is licensed to practice law in California and is admitted to practice before the United States District Courts for the Central, Northern, Southern, and Eastern Districts of California.

31

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



## A. LUKE SMITH

A. Luke Smith is an associate in Faruqi & Faruqi, LLP's Pennsylvania office. He focuses his practice on antitrust actions, primarily on behalf of drug purchasers complaining of suppressed generic competition.

Mr. Smith earned his J.D. in May of 2010 from Pennsylvania State University Dickinson School of Law. As a law student, Mr. Smith was certified as a Miller Center Public Interest Advocate in recognition of his service to the indigent community and also competed in the American Constitution Society Constance Baker Motley National Moot Court Competition. He earned a degree in Business Management from Cheyney University of Pennsylvania in May 2007 (*summa cum laude*).

During law school, Mr. Smith was a student attorney at the Penn State Dickinson School of Law Family Law Clinic, and a judicial intern for the Honorable Joseph A. Greenaway, then of the United States District Court for the District of New Jersey. He also interned at the New Jersey Office of the Public Defender, and at the Pennsylvania Attorney General, Bureau of Consumer Protection.

Mr. Smith is licensed to practice in Pennsylvania and New Jersey and admitted to the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.

## STEVEN BENTSIANOV

Steven Bentsianov is an associate in the New York office of Faruqi & Faruqi LLP and concentrates his practice in the area of securities class action litigation.

Mr. Bentsianov graduated from the State University of New York at Binghamton (B.A. in English, 2005) and from Brooklyn Law School (J.D., *magna cum laude*, 2011). While at Brooklyn Law School, Mr. Bentsianov was the Managing Editor of the Brooklyn Journal of Corporate, Financial and Commercial Law and was a Dean Merit Scholar. He also received the CALI Excellence Award in Legal Writing I and II, Banking Law and Corporate Finance.

Mr. Bentsianov gained further experience in law school through internships for U.S District Judge Brian Cogan in the U.S. District Court for the Eastern District of New York, the Federal Trade Commission, the Financial Industry Regulatory Authority, and as a summer associate for a securities class action firm.

Mr. Bentsianov is licensed to practice law in New York and New Jersey.

32



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

## ANDREA CLISURA

Andrea Clisura is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on consumer class action litigation.

Ms. Clisura graduated from New York University (B.A., *magna cum laude*, 2005) and Brooklyn Law School (J.D., *magna cum laude*, 2011). While at Brooklyn Law School, Ms. Clisura was an Associate Managing Editor of the Brooklyn Law School Journal of Law and Policy, and was a member of the Moot Court Honor Society. Her note, "None of Their Business: The Need for Another Alternative to New York's Bail Bond Business," was published in Volume 19, Issue 1 of the Journal of Law and Policy. She also co-authored the hypothetical problem and bench brief for the 2011 Jerome Prince Memorial Evidence Moot Court Competition.

Ms. Clisura also gained experience in law school as an intern: to the Honorable David G. Trager of the Eastern District of New York, for the U.S. Department of Justice (Antitrust Division), and for a New York City-based legal services organization dealing with anti-predatory lending and foreclosure prevention.

Ms. Clisura is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of New Jersey.

## COURTNEY E. MACCARONE

Courtney E. Maccarone is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on consumer class action litigation.

Ms. Maccarone graduated from New York University (B.A., *magna cum laude*, 2008) and Brooklyn Law School (J.D., *magna cum laude*, 2011). While at Brooklyn Law School, Ms. Maccarone was the Executive Symposium Editor of the Brooklyn Journal of International Law, and was a member of the Moot Court Honor Society. Her note, "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights" was published in the Spring 2011 edition of the Brooklyn Journal of International Law. Ms. Maccarone also gained experience in law school as an intern to the Honorable Martin Glenn of the Southern District of New York Bankruptcy Court, a research assistant for Brooklyn Law School Professor of Law Emeritus Norman Poser, a widely respected expert in international and domestic securities regulation, and as a law clerk for a New York City-based class action firm.

33



Ms. Maccarone is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey.

## SARAH A. WESTBY

Sarah A. Westby is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates her practice in the area of antitrust class action litigation. Ms. Westby graduated Phi Beta Kappa from the University of Delaware (B.A. in Psychology, *magna cum laude*, 2008)) and Brooklyn Law School (J.D., *cum laude*, 2011).

While at Brooklyn Law School, Ms. Westby was an Executive Editor of the Brooklyn Journal of International Law. Her note on comparative consumer class action law was selected as the winning submission in the 2010 Trandafir International Business Writing Competition and was published in the University of Iowa Journal of Transnational Law & Contemporary Problems. She also received awards in Trial Advocacy and International Economic Law. Ms. Westby gained experience during law school through internships for U.S. Magistrate Judge Ramon E. Reyes, Jr. in the U.S. District Court for the Eastern District of New York, the U.S. Department of Justice, Civil Rights Division, the New York City Law Department and as a law clerk for an antitrust and consumer class action firm.

Ms. Westby is licensed to practice law in New York.

## ROSS APPEL

Ross Appel is an associate in the Florida office of Faruqi & Faruqi, LLP and concentrates his practice in the area of class action securities fraud and shareholder litigation.

Mr. Appel graduated from the University of Florida (Master of Accounting and Bachelor of Science in Accounting, 2007) and from the Florida State University College of Law (J.D., *cum laude*, 2011). While at Florida State, Mr. Appel was a member of the Business Review and the Journal of Transnational Law and Policy. He had three articles published while in law school, appearing in the Texas Review of Entertainment and Sports Law, the International Sports Law Review and the Arizona State Sports and Entertainment Law Journal.

Mr. Appel is also a Certified Public Accountant, licensed to practice in Florida. Mr. Appel is admitted to the Florida Bar.

34

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



## GARY I. SMITH

Gary I. Smith, Jr. is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Smith focuses his practice on complex class action litigation, primarily in the area of antitrust.

Mr. Smith graduated from the University of Arizona (B.S.B.A., Business Economics, 2008) and the Sandra Day O'Connor College of Law at Arizona State University (J.D., 2011). In law school, Mr. Smith served as a research assistant for Professor of Law Amandeep Grewal, earned honors as a Willard H. Pedrick Scholar, and, most notably, spent the Fall of 2010 working alongside Staff Attorneys at the Securities and Exchange Commission's Headquarters in Washington, D.C., in the Office of Compliance, Inspections, and Examinations.  While with the SEC, Mr. Smith obtained invaluable insight into federal regulatory oversight and enforcement.

Prior to joining the firm, Mr. Smith gained substantial courtroom and appellate experience at a commercial litigation practice in Phoenix, Arizona. There, Mr. Smith successfully represented his clients' interests in all facets of litigation, from the institution of legal proceedings through closing arguments at trial.

Mr. Smith is admitted to the Arizona State Bar.

## MEGAN SULLIVAN

Megan Sullivan is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates her practice in the area of securities class action litigation.

Prior to joining the firm, Ms. Sullivan was a litigation associate at Crosby & Higgins LLP where she represented institutional and individual investors in securities arbitrations before FINRA and counseled corporate clients in commercial disputes in federal court.  Additionally, Ms. Sullivan gained further litigation experience in law school through internships at the Kings County District Attorney's Office and the Adjudication Division of the New York City Department of Consumer Affairs.

Ms. Sullivan graduated from the University of California, Los Angeles (B.A., History, 2008) and from Brooklyn Law School (J.D., *cum laude*, 2011).  While at Brooklyn Law School, Ms. Sullivan served as Associate Managing Editor of the Brooklyn Journal of Corporate, Financial and Commercial Law. Ms. Sullivan is licensed to practice law in the State of New York.

## GABRIEL V. CELII

Gabriel V. Celii is an associate in Faruqi & Faruqi, LLP's Pennsylvania office. He focuses his practice on antitrust litigation.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

Mr. Celii graduated magna cum laude from the University of Pittsburgh (B.A. in Political Science, B.A. in Philosophy, 2008) and earned his J.D. from Villanova University School of Law (2011). During law school, Mr. Celii volunteered legal services through Philadelphia VIP, a program dedicated to assisting the indigent. He also was a judicial intern for the Honorable Linda Carpenter, of the Court of Common Pleas—Trial Division for the First Judicial District of Pennsylvania.

Before joining the firm, Mr. Celii gained litigation and appellate experience while practicing at a boutique Philadelphia firm, primarily handling Employment and Labor Law matters.

Mr. Celii is admitted to the Pennsylvania State Bar.

## JAVIER O. HIDALGO

Javier O. Hidalgo is an associate in the New York office of Faruqi & Faruqi, LLP and focuses his practice on consumer class action litigation.

Mr. Hidalgo graduated from Swarthmore College (B.A., Sociology & Anthropology, 2004) and New York Law School (J.D., 2012). Mr. Hidalgo gained experience in law school working as a paralegal at Faruqi & Faruqi, LLP starting in spring of 2009.

Mr. Hidalgo's admission to practice in New York is pending.

## DAVID M. SBORZ

David M. Sborz is an associate in the New York office of Faruqi & Faruqi, LLP, concentrating in shareholder merger and transactional litigation.

Prior to joining the firm, Mr. Sborz gained experience working for Bank of America/Merrill Lynch ("BOA/ML") in the Private Equity/Derivatives Unit analyzing proposed and finalized Dodd-Frank Regulations and assisting operations teams with meeting compliance requirements.

Additionally, Mr. Sborz served as legal associate with the U.S. Commodity Futures Trading Commission ("CFTC"), Division of Enforcement, where he conducted investigations into futures, options, commodities, speculation limits, Ponzi schemes, and market manipulation. Mr. Sborz also assisted in the preparation of court pleadings and documents filed in the United States District Courts across jurisdictions and administrative forums.

Mr. Sborz graduated from Wilkes University (B.A. in Criminology/Political Science, *magna cum laude*, 2009) and from New York Law School (J.D., *magna cum laude*, 2012, Law Review and Moot Court Association).

Mr. Sborz has applications pending for the New York and New Jersey Bars.

NEW YORK  CALIFORNIA  FLORIDA  DELAWARE  PENNSYLVANIA



## TIFFANY Y.L. TANG

Tiffany Y.L. Tang is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on class action securities fraud litigation.

Ms. Tang graduated from Columbia College (B.A. in Economics-Political Science, 2009) and from Cornell Law School (J.D., 2012), where she served as a general associate for the Journal of Law and Public Policy. Prior to joining the firm, Ms. Tang gained experience by interning at the Federal Trade Commission, the New York Attorney General's Office Labor Bureau, the Ithaca City Attorney's Office, and the Avon Global Center for Women and Justice.

## TODD HENDERSON

Todd H. Henderson is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates his practice in the area of shareholder derivative litigation.

Mr. Henderson graduated from Cornell University (B.A. in American Studies, College of Arts and Sciences, 2007) and from Brooklyn Law School (J.D., Certificate in Business Law, 2012). While at Brooklyn Law School, Mr. Henderson was an Associate Managing Editor of the Brooklyn Journal of International Law. His note, "The English Premier League's Home Grown Player Rule Under the Law of the European Union" was published in the Fall 2011 edition of the Brooklyn Journal of International Law.

Prior to joining the firm, Mr. Henderson gained experience as a paralegal for the Internal Revenue Service, Office of Chief Counsel, and through internships for a securities and consumer class action firm, the New York State Division of Human Rights, United States Postal Service Law Department, the Brooklyn Consumer Counseling and Bankruptcy Clinic, and the New York City Human Resources Administration, Office of Legal Affairs.

Mr. Henderson has applied for admission to the New York Bar.

NEW YORK   CALIFORNIA   FLORIDA   DELAWARE   PENNSYLVANIA

# EXHIBIT  #2

# FILED UNDER SEAL