# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WELLBUTRIN XL ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>ALL INDIRECT PURCHASER ACTIONS | Case No. 2:08-cv-2433<br><br><br><br>**Hon. Mary A. McLaughlin** |

**GSK'S OBJECTIONS TO INDIRECT PURCHASER PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) TO GSK**

Pursuant to Federal Rule of Civil Procedure 26 and 30 Defendants SmithKline Beecham Corporation and GlaxoSmithKline plc (collectively "GSK") hereby make the following objections to Indirect Purchaser Plaintiffs' Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) Directed to GSK Defendants.

**GENERAL OBJECTIONS**

GSK makes the following General Objections to Indirect Purchaser Plaintiffs' Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6), which are hereby incorporated by reference and made part of the objections to each topic for deposition. Any specific objection is made in addition to these General Objections, and the failure to restate a General Objection does not constitute a waiver of that or any other objection.

1.      GSK objects to the noticed time, date and location of the deposition as unreasonable in light of the general and specific objections set forth herein.

2.      GSK objects to each topic for deposition to the extent that it seeks to impose requirements or obligations on GSK in addition to or different from those imposed by the

Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and/or any stipulation or agreement of the parties. In this regard, GSK specifically objects to any purported requirement that any witness have first-hand knowledge of the topics on the grounds that the Federal Rules of Civil Procedure do not impose this requirement.

3. GSK objects to each topic for deposition to the extent that it calls for information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or immunity. Nothing contained in these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

4. GSK objects to each topic for deposition to the extent it calls for information that is confidential and/or proprietary information of any individual or entity other than GSK.

5. GSK objects to each topic for deposition on the grounds that it is unduly burdensome, overly broad, oppressive, and/or seeks information irrelevant to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence. Such irrelevant information includes, but is not limited to, topics for deposition beyond the relevant temporal and/or geographic scope of this matter.

6. GSK objects to each topic as overly broad, and vague and ambiguous by failing to designate with reasonable particularity the matter on which examination is requested, including the scope and exact nature of the information sought by Plaintiffs. To the extent Plaintiffs seek information concerning specific events, communications, and/or documents, GSK requests that Plaintiffs specifically identify the nature of the information sought sufficiently prior to the deposition so that GSK can designate and produce an appropriate witness.

7. GSK objects to each topic for deposition to the extent it conflicts with the discovery schedule contemplated by the Court.

8.   GSK objects to each topic for deposition to the extent it is duplicative of other discovery taken in this case, or which discovery is more easily available through less burdensome means.

9.   GSK objects to each topic for deposition to the extent it calls for information outside of GSK's possession, custody, or control and to the extent the topics purport to require GSK to create or obtain information not already in GSK's possession, custody or control.

10.  GSK objects to each topic for deposition to the extent it seeks litigation contentions and legal theories, or calls for legal conclusions or presents pure issues of law.

11.  GSK objects to each topic for deposition to the extent that it calls for information that is publicly available.

12.  GSK objects to each topic for deposition to the extent it seeks the same information requested by one or more other noticed topics, in the present notice or in the future. To the extent GSK agrees to offer a witness to testify about any information, it will do so only once, regardless of the number of topics to which the information is responsive.

13.  By agreeing to offer a witness in response to any particular topic, GSK makes no representation that any responsive information exists or is relevant to any issues in this action.

14.  GSK reserves the right at any time to revise, correct, add to, supplement, or clarify any of the objections or responses contained herein.

## SPECIFIC OBJECTIONS

### TOPIC NO. 1

The use of Capitation Contracts by PBMs during the Class Period.

### OBJECTION TO TOPIC NO. 1

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this topic as unduly burdensome and overbroad to the extent it seeks information not reasonably within GSK's corporate knowledge. GSK is not a party to the wide-ranging contractual and risk-sharing arrangements that PBMs enter into with other third-party payers. GSK also objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to the extent this topic purports to require GSK to create or obtain information not already in GSK's possession, custody or control, and, in fact, would be much more appropriately requested of members of the class represented by Plaintiffs. GSK also objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK and/or data, documents, or information that exist in the possession of Plaintiffs and the class. Moreover, it would be impossible to prepare a witness at GSK to testify as to the use of capitation contracts by each PBM during the Class Period.

### TOPIC NO. 2

All documents reflecting the nature of any PBM contracts with TPPs during the Class Period.

4

**OBJECTION TO TOPIC NO. 2**

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this topic as unduly burdensome and overbroad to the extent it seeks information not reasonably within GSK's corporate knowledge. GSK is not a party to the wide-ranging contractual and risk-sharing arrangements that PBMs enter into with other third-party payers. GSK further objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK also objects to the extent this topic purports to require GSK to create or obtain information not already in GSK's possession, custody or control, and, in fact, would be much more appropriately requested of members of the class represented by Plaintiffs. GSK further objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class.

**TOPIC NO. 3**

All rebate contracts you had or have with any third party with respect to Wellbutrin XL that were in effect during the Class Period.

**OBJECTION TO TOPIC NO. 3**

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to this topic to the extent it calls for information that is more easily available

through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class. GSK produced over 3.1 million pages of documents and data in this litigation, including GSK's contracts with third-party payers and other documents that specifically relate to this topic. Plaintiffs also deposed over 20 GSK witnesses in the litigation, including GSK pursuant to Rule 30(b)(6) on matters relating to this topic.

**TOPIC NO. 4**

All documents related to your marketing of Wellbutrin XL to TPPs and/or PBMs.

**OBJECTION TO TOPIC NO. 4**

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, GSK's "marketing of Wellbutrin XL" is irrelevant to the ascertainability inquiry, *i.e.*, whether plaintiffs can identify class members through objective criteria using an administratively feasible method. GSK's marketing activities have no bearing on plaintiffs' ability to identify potential class members. GSK also objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically documents and data related to "marketing"—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class. GSK produced over 3.1 million pages of documents and data in this litigation, including extensive marketing materials relating to Wellbutrin XL and other documents that specifically relate to this topic. Plaintiffs also deposed over 20 GSK

witnesses in the litigation, including GSK pursuant to Rule 30(b)(6) on matters relating to this topic. Moreover, GSK objects on the basis that preparing a witness to testify to each and every document and data set related to marketing would be impossible.

**TOPIC NO. 5**

All rebate contracts you had or have with any TPPs and/or PBMs with respect to Wellbutrin XL that were in effect during the Class Period.

**OBJECTION TO TOPIC NO. 5**

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class. GSK produced over 3.1 million pages of documents and data in this litigation, including GSK's contracts with PBMs and third-party payers and other documents that specifically relate to this topic. Plaintiffs also deposed over 20 GSK witnesses in the litigation, including GSK pursuant to Rule 30(b)(6) on matters relating to this topic. Moreover, GSK objects on the basis that preparing a witness to testify to the provisions each and every contract would be impossible.

**TOPIC NO. 6**

All data provided to you pursuant to any rebate contract referenced in Paragraphs 3 and 5 above involving Wellbutrin XL.

7

## OBJECTION TO TOPIC NO. 6

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK further objects to this topic as unduly burdensome and overbroad to the extent it seeks information not reasonably within GSK's corporate knowledge. GSK also objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class. GSK produced over 3.1 million pages of documents and data in this litigation, including GSK's contracts with third-party payers and other documents that specifically relate to this topic. Subject to and without waiving the foregoing objections, GSK will provide written answers to a mutually agreeable number of questions regarding this topic, as it does not lend itself appropriately to deposition testimony.

## TOPIC NO. 7

All data generated or provided by IMS and Verispan in whatever format it was received from IMS or Verispan during the Class Period for Wellbutrin XL (preferably with data broken out by manufacturer, form, strength, NDC, and channel), as follows:

   a.   IMS National Prescription Audit data, including TRx, NRx, extended units, retail sales dollars, and retail sales price;

   b.   IMS National Sales Perspective data, including total units, extended units, total sales dollars, and price;

   c.   Verispan Vector One National (VONA) data, including TRx, NRx, extended units, retail sales dollars, and retail sales price; and

   d.   National Disease and Therapeutic Index (NDTI data).

**OBJECTION TO TOPIC NO. 7**

GSK objects to this topic on the grounds that it is unduly burdensome, overly broad, oppressive, seeks information irrelevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence. GSK also objects to this topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than GSK. GSK further objects to this topic to the extent it calls for information that is more easily available through less burdensome means such as review of documents or other information—specifically including transactional and other data—that have already been produced to Plaintiffs by GSK, and/or data, documents, or information that exist in the possession of Plaintiffs and the class. GSK produced over 3.1 million pages of documents and data in this litigation, including IMS and other pharmaceutical sales and prescription data in response to a duplicative document request (*see* Pls. RFP No. 62 (Sep. 9, 2009)). Plaintiffs also deposed over 20 GSK witnesses in the litigation, including GSK pursuant to Rule 30(b)(6) on matters relating to this topic. Plaintiffs' own economists have relied on sales and prescription data produced by GSK in this litigation. (*See* July 22, 2011 Declaration of Meredith Rosenthal, n. 62 ("This chart is based on IMS NPA data provided by GSK in this litigation. It contains a number of drugs categorized as 'antidepressants.'").) Moreover, GSK objects on the basis that this question is better directed to the provider of the data, rather than GSK, the recipient.

Dated:  November 7, 2014                    /s/ Leslie E. John
                                                               Leslie E. John (I.D. No. 62290)
                                                               john@ballardspahr.com
                                                                Edward D. Rogers (I.D. No. 69337)
                                                               rogerse@ballardspahr.com
                                                               Stephen J. Kastenberg (I.D. No. 70919)
                                                               kastenberg@ballardspahr.com
                                                               Jason A. Leckerman (I.D. No. 87915)
                                                               leckermanj@ballardspahr.com

**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Phone:  (215) 665-8500
Facsimile: (215) 864-8999

Attorneys for Defendants
SmithKline Beecham Corporation
d/b/a GlaxoSmithKline and
GlaxoSmithKline plc

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline plc's Objections to Indirect Purchaser Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) to GSK upon all counsel identified below via email.

Richard W. Cohen
Peter St. Phillip
Gerald Lawrence
Uriel Rabinovitz
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway, Suite 509
White Plans NY 10601

Kenneth A. Wexler
Amber M. Nesbitt
**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago IL 60603

James G. Stranch, III
J. Gerard Stranch, IV
Joe P. Leniski
**BRANSTETTER STRANCH & JENNINGS PLLC**
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631

*Co-Lead Counsel for the Indirect Purchaser Plaintiff Class*

Dated: November 7, 2014

/s/ *Marcel S. Pratt*
Marcel S. Pratt
**BALLARD SPAHR LLP**