# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE WELLBUTRIN XL ANTITRUST LITIGATION | Case No. 2:08-cv-2433 (indirect)<br><br>Hon. Mary A. McLaughlin |

**NOTICE OF 30(b)(6) SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM***
**TO THIRD-PARTY EXPRESS SCRIPTS, INC.**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30, 34 and 45 of the Federal Rules of Civil Procedure, the Indirect Purchaser Class Plaintiffs ("Plaintiffs"), by their undersigned attorneys, will take the deposition of Express Scripts, Inc., by the person or persons most knowledgeable about the matters described and referred to in the attached subpoena *duces tecum*, and *ad testificandum*, on November 20, 2014 at 10:00 a.m., at the Holiday Inn Express & Suites St. Louis Airport, 10000 Natural Bridge Road, St. Louis, MO 63134, before a notary public or other person authorized to administer oaths.

The examination will continue from day to day until completed. The deposition will be transcribed by a certified court reporter.

In accordance with Rule 45 of the Federal Rules of Civil Procedure, a subpoena *duces tecum* and *ad testificandum* will be issued and served on the deponent. You are invited to attend and cross examine.

Dated: White Plains, NY
      October 22, 2014

                                        **LOWEY DANNENBERG COHEN & HART, P.C.**

                                      By: /s/ Peter St. Phillip, Jr.
                                                Richard W. Cohen
                                                Peter D. St. Phillip, Jr.

Gerald Lawrence
Uriel Rabinovitz
One North Broadway
White Plains, NY  10601-2310
Tel:  (914) 997-0500
Email: PStphillip@lowey.com

WEXLER WALLACE LLP

By: /s/  Kenneth A. Wexler
  Kenneth A. Wexler
  Thomas A. Doyle
  Amber M. Nesbitt
  Justin N. Boley
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Tel:  (312) 346-2222

BRANSTETTER STRANCH & JENNINGS PLLC

By: /s/  James G. Stranch, III
  James G. Stranch, III
  R. Jan Jennings
  J. Gerard Stranch, IV
  Joe P. Leniski
227 Second Avenue North, 4th Floor
Nashville, TN  37201-1631
Tel:  (615) 254-8801

***Indirect Purchaser Class Counsel***

## CERTIFICATE OF SERVICE

I, Uriel Rabinovitz, hereby certify that on October 22, 2014, the foregoing document was

served upon the following counsel via electronic mail:

Leslie E. John
johnL@ballardspahr.com
Stephen Kastenberg
kastenberg@ballardspahr.com
Jason Leckerman
leckermanJ@ballardspahr.com

**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Attorneys for Defendant SmithKline
Beecham Corporation d/b/a GlaxoSmithKline
And GlaxoSmithKline plc*

/s/ Uriel Rabinovitz_____

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| IN RE WELLBUTRIN XL ANTITRUST·LITIGATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:08-cv-2433 (indirect) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Express Scripts, Inc., Attention: General Counsel
      One Express Way, St. Louis, MO 63121

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: Holiday Inn Express & Suites St. Louis Airport 10000 Natural Bridge Road St. Louis, MO 63134 | Date and Time: 11/20/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:   _Stenographer_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   ___10/22/2014___

| *CLERK OF COURT* | OR | |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Indirect Purchaser Class
_____   , who issues or requests this subpoena, are:

Peter St. Phillip, Jr.
One North Broadway, NY 10601-2310
PStphillip@lowey.com (914) 997-0500

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:08-cv-2433 (indirect)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

The following words and phrases set forth below have the following meanings:

1.     As used herein, the words "you" or "your" shall refer to Express Scripts, Inc..

2.     The "Class Period" shall mean the period between November 14, 2005 through and including April 29, 2011.

3.     "Pharmacy benefit managers" or "PBMs" refer to entities that administer managed pharmacy drug programs, offering programs, services, and techniques designed to control costs associated with the delivery of pharmaceutical care.

4.     "Third-party payer" or "TPP" refers to an entity that pays all or part of the price of a prescription drug along with an insured consumer.

5.     "Capitation Contract" refers to a contract or similar arrangement whereby a TPP pays a PBM a flat fee for each member in exchange for the PBM bearing the price risk for each transaction (*i.e.,* the PBM receives a fixed amount per participant, regardless of the number of prescriptions subsequently adjudicated).

6.     "Financial statements: (whether audited or unaudited, and whether final, interim, *pro forma*, complete or partial) mea, but are not limited to, the following:

    a.   consolidated and non-consolidated balance sheets;

    b.   statements of earnings, additional paid-in capital, retained earnings, or cash flows (or source and application of funds);

    c.   cash-flow projections; notes to each such statement; and

    d.   any other statements and notes that pertain to the relevant entity's past or present financial condition, including accountants' work papers.

7.　　"Document" or "documents" means every writing or record of every type and description, including, but not limited to, deposition and interview transcripts and summaries thereof, presentations, agreements, orders, correspondence, publications, pamphlets, contracts, contract files, customer or client files, purchase memoranda, promotional material, studies, books, tables, charts, graphs, schedules, photographs, films, voice recordings, reports, surveys, analyses, journals, ledgers, receipts, telegrams, stenographic or handwritten notes, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, confirmations, credit and billing statements, checks, manuals, circulars, bulletins, instructions, sketches, diagrams, computer programs, printouts, punch cards, tabulations, logs, telephone records, desk calendars, diaries, appointment books, computer data tapes and discs, video tapes, magnetic recordings and all drafts and/or non-identical copies of every such writing or record.

8.　　"Communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile, or telex.

9.　　"Relating to" or "relate to" includes describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with, and bearing on (whether legally, factually, or otherwise).

10.　　"Concerning" or "concerns" means relating to, referring to, describing, evidencing, or constituting. Requests for documents "concerning" any subject matter include documents concerning communications regarding that subject matter.

11.　　"Including" shall be construed as "including, without limitation."

12.　　The terms "all" and "any" shall mean "any and all."

13.     The conjunctions "and" and "or" shall mean "and/or" and shall not be interpreted to exclude information otherwise within the scope of any request.

14.     Words and terms in the singular shall include the plural thereof, and all words of the masculine gender shall include the feminine gender thereof.

15.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of the requests that which might otherwise be construed as outside their scope.

16.     Without limitation of the term "control," a document shall be deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.  If a document is responsive to a request for production and is in your control, but is not in your possession or custody, you are requested to identify the person with possession or custody.

17.     "Person" or "persons" refer to any natural person or any business, legal, or government entity or association.

## INSTRUCTIONS

1.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

2.     This request requires that you produce all writings responsive to any of the following numbered requests which are in your possession or control or subject to your control, wherever they may be located.  The writings which you must produce include not only writings which you presently possess, but also writings which are in the possession or control of your

attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on your behalf.

3.      You shall produce the original of each document described below or, if the original is not in its custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

4.      All documents produced in response to this request shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim or draft versions as well as final versions of the document shall be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5.      You shall produce the person or persons with the most knowledge of the following categories of documents and the underlying facts related hereto.

## DOCUMENTS REQUESTED

1.      All documents sufficient to show your policies, procedures, or practices related to Capitation Contracts during the Class Period.

2.      All Capitation Contracts, to the extent they exist, between you and TPPs entered into or in effect during the Class Period.

3.      Samples of non-Capitation Contracts, to the extent they exist, between you and TPPs entered into or in effect during the Class Period.

4.      All financial statements or other documents that break down the percentage of your revenue derived from Capitation Contracts during the Class Period.

5.      All documents that demonstrate the percentage of your clients that were derived from Capitation Contracts during the Class Period.

6.      All documents reflecting whether your computerized records show that particular transactions have been adjudicated under the terms of a Capitation Contract.

7.      All documents reflecting the information maintained by you with respect to the adjudication of claims for Wellbutrin XL during the Class Period.

8.      All documents reflecting your understanding of whether your PBM or your TPP clients qualified as "entities who purchased" Wellbutrin XL or generic Wellbutrin XL as these terms were defined in the Class Notice sent pursuant to the February 22, 2013 Order Granting Plaintiffs' Motion for Preliminary Approval of Endpayer Class Settlement, and available at http://www.wxlclassaction.com/documents/final-long-form-notice.pdf.